LEVISTER v. SOUTHERN RY. CO.

1. PLEADINGS.—THE ANSWER alleges payment by defendant and receipt by plaintiff of a sum of money as consideration of release of defendant from liability.

2. CONTRACT—RELEASE—RAILROADS—NEGLIGENCE—DAMAGES—FRAUD. —A party having suffered injury from alleged negligence of a railroad company, and for a valuable consideration having released the company from all liability therefor, cannot maintain an action for such negligence without returning the consideration, although he alleges the release was obtained by fraud. *Price* v. *R. R.,* 38 S. C., 199, *distinguished from this case.*

3. PLEADINGS—PRACTICE—REPLY—DISCRETION.—The Court may in its discretion, on motion of defendant, require a plaintiff to reply to new matter set up in an answer.

Before GAGE, J., Richland, July, 1898.   Affirmed.

Action by A. H. Levister against Southern Railway Company for damages for personal injuries.   Circuit decree is as follows:

Plaintiff sued defendant for damages to his person; defendant plead in defense payment and release; plaintiff was ordered to reply; he replied, admitting the receipt of $210, and execution of release, but alleging that concurrently with the execution of release defendant made certain other promises to plaintiff, which it has never performed and never intended to perform; that such other promises were made with the fraudulent purpose of inducing plaintiff to execute the release; defendant demurred to reply on three grounds, all set out in the demurrer.   I sustained the demurrer on the second ground, and overruled it on the first and third grounds.   It is clear that in equity a party would not be allowed to rescind a contract and keep whatever of value he had received from it.   It is clear that if A should sell B a horse for $100, and receive $10 cash, he could not thereafter vacate the sale and recover the horse until he had refunded to B the money so received.   This is the law of justice.   It is contended that in the event of a verdict for

plaintiff, the jury could give the defendant credit for the sum so paid; but what would be defendant's remedy in the event of a verdict for it? If what the reply alleges is true, and it is assumed to be, the $210 belongs to defendant, and plaintiff ought not to have the process of this Court until he has returned the money. The authorities are conflicting and the question is not free from difficulty. I have doubts about the law of the case, but this is my best judgment.

From this decree plaintiff appeals on following exceptions:

1. Because his Honor erred in sustaining the demurrer of defendant to reply of plaintiff to answer of defendant.

2. Because his Honor erred in sustaining the said demurrer on the second ground thereof.

3. Because his Honor erred in holding that it was necessary for the plaintiff to return the consideration stated in the alleged release before he could bring this action.

4. Because his Honor erred in not holding that, assuming the allegations of the reply to be true, plaintiff had a right to bring this action without first returning or tendering back the consideration stated in the alleged release.

5. Because his Honor erred in not holding that where a party is fraudulently induced to execute a release by promises of employment, in addition to a small money consideration, expressed in the release and actually paid to him, which promises are fraudulently and deceitfully made, and are not intended to be performed and are not performed, such party is entitled to bring his action to assert the right purporting to be released without first returning or tendering back the money consideration expressed in the release, and actually received by him.

6. Because his Honor should have held that in such a case the alleged release would be void for fraud and a nullity.

*Messrs. Andrew Crawford* and *J. S. Muller,* for appellant, cite: *Release having been obtained by fraud, return of the*

*consideration was not necessary:* 38 S. C., 199; 41 S. W. R., 126; 109 Ill., 129; 69 N. W. R., 63; 11 Wash., 653; 16 S. R., 382. *No consideration was actually paid for release:* 127 Mass., 86; 40 N. E. R., 67; 88 Ga., 194.

*Messrs. B. L. Abney* and *E. M. Thompson,* contra, cite: *The consideration must be returned as a condition precedent:* 83 Ga., 558; 97 Ga., 560; 61 Fed., 54; 65 Fed., 460; 164 Mass., 435; 130 Mo., 27; 51 Neb., 442.

March 7, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action brought by the plaintiff to recover damages from the defendant company for certain injuries received by him through the alleged negligence of said company. The defendant answered, setting up, amongst other defenses, a second defense as follows: "That after the time of the alleged injury, and before the commencement of this action, the defendant delivered to the plaintiff and the plaintiff received from the defendant the sum of $210, in full release, satisfaction and discharge of all claims for damages resulting from the injury alleged in the said complaint." The defendant also applied for and obtained from his Honor, Judge Buchanan, an order requiring the plaintiff to reply to the new matter set up in the second defense, set out above, which order was not excepted to. In accordance with this order the plaintiff filed his reply, in the first paragraph of which he denies each and every allegation contained in the second defense, "except as hereinafter admitted." The second paragraph of the reply is as follows: "Admits that plaintiff did sign and deliver to the defendant a certain paper, purporting to be a release, to the effect stated in said second defense of the answer, but alleges, with reference thereto, that the same was fraudulently procured from him by the defendant, in that he was given to understand by said company that if he would sign the paper, the defendant would pay him his regular salary of

$35 per month for six months, and would give him employ-
ment out of which he might earn a living; whereas, the said
company never intended to give him such employment, and
has failed and refused to do so, although requested to do so
by this plaintiff; in consequence whereof, the said paper pur-
porting to be a release is, and always has been, wholly
void." To this reply, defendant company demurred upon
three grounds set out in the "Case," the second of which
reads as follows: "Because the said reply does not contain
or state any facts showing that the plaintiff has rescinded
said release, and has returned, or offered to return, to the de-
fendant the consideration thereof before the commencement
of this action." Upon this demurrer the case was heard by
his Honor, Judge Gage, who granted an order set out in the
"Case," sustaining the demurrer on the second ground, and
overruling the first and third grounds. From this order
plaintiff appeals upon the several grounds set out in the
record; and the defendant, according to the proper practice,
gave notice that he would ask this Court to sustain the de-
murrer upon the first and third grounds stated in the demur-
rer, as well as upon the second ground. The order of the
Circuit Judge, together with the plaintiff's grounds of appeal
therefrom, should be incorporated by the reporter in his
report of the case.

Before proceeding to the consideration of what we regard
as the only question in the case, it is necessary to notice a
point raised in the argument here, that the pleadings do not
show that the plaintiff ever received the money, $210,
alleged in second defense to have been received by the plain-
tiff as consideration for the release. It is only neces-
sary to say that no such point is presented by this
appeal. The Circuit Judge in his order manifestly
construed the pleadings as admitting the receipt of this
money by the plaintiff, and goes on to consider the only
question in the case, whether the plaintiff could maintain
this action without first returning, or offering to return, the
money received, and to this part of the order no exception

was taken, and it was not even alluded to in the grounds of appeal. Accordingly, we find in the statement made by appellant's counsel in their argument the following language: "The only substantial question raised by the appeal is, whether, in a case like this, where a paper purporting to be a release has been procured from the plaintiff by the admitted fraud of the defendant, the plaintiff is precluded from bringing his action for the injury he has sustained until he has first returned, or offered to return, the amount stated in such alleged release as the consideration thereof." If that is the only question in the case, how could any other question be considered; and, more than that, if, as appellant's counsel have attempted to contend in their argument, no money was ever paid to plaintiff as a consideration for the relief, how is it possible that "the *only substantial question* raised by the appeal," as that stated in the preceding quotation, could be any question at all, much less a substantial question, in the case. We may add, however, that even if the question as to whether any money was received by the plaintiff as a consideration for the release was properly before us, the view taken by the Circuit Judge might well be supported; for it will be observed that in the second defense set up in answer, the allegation is that after the alleged injury was sustained, and before the commencement of this action, "the defendant delivered to the plaintiff, and the plaintiff received from the defendant, the sum of $210, in full release, satisfaction and discharge for all claim for damages resulting from the injury alleged in the said complaint." And in the reply, plaintiff admits that he did sign and deliver to defendant a paper purporting to be a release, *"to the effect stated in said second defense;"* and the effect stated in the second defense was that the money was paid and received in full release, &c. The pretense that the money paid to him was not paid as a consideration for the release, but for his regular wages for six months, at the rate of $35 per month, is not only inconsistent with his admission to which attention has just beeen called, but also with the allegation in his complaint that the

injuries which he sustained rendered him "permanently incapable of serving as section master"—the position in which he was serving at the time of the accident—for it would involve the absurdity of saying that the money was paid for services which he never rendered and was incapable of performing.

We proceed, then, to the consideration of what we also regard as "the only substantial question raised by the appeal," and that is whether a person who has sustained injuries by reason of the alleged negligence of a railroad company, and has afterwards, in consideration of a sum of money paid to him, executing a release of all claims against such company for damages sustained by such injuries, can maintain an action for damages without first returning, or offering to return, the money so received, even though he alleges that such release was obtained by fraud. It seems to us that upon the plainest principles of justice and fair dealing, there can be but one answer to this question, and that in the negative. To allow a person, after executing a release of all claims against another in consideration of a sum of money paid to him, to repudiate the obligations which he assumed by executing the release, and, at the same time, retain the benefits which he received by executing the release, would be a fraud; it would be asking a Court to relieve him from a fraud which he claims was practiced upon him by another, and at the same time committing a fraud upon such other person—for certainly it would be a fraud to obtain money paid to him in consideration that he would do something which he now claims he is not bound to do, and will not do; for, certainly, on the theory upon which he proceeds, the money which he retains is not his money, but belongs to the person against whom he is asking relief. Surely, no Court of justice should for a moment listen to any such demand. If, in such a case, the plaintiff conceives that the release, the execution of which he admits, was obtained by fraud, and for that reason seeks to avoid it, his first step is to return the money he received in consideration of executing

33—56

the release; for he cannot be permitted to retain the benefits which he has received under a contract and, at the same time, escape the obligations which/such contract imposed upon him. Upon principle, therefore, we think it clear that there was no error on the part of the Circuit Judge in sustaining the demurrer on the second ground; and this renders it unnecessary to consider the other two grounds. The appellant, however, contends that the authorities elsewhere sustain the position for which he contends, that it is not necessary for a plaintiff to return, or offer to return, the money received by him in consideration of executing a release, before he can bring an action like this, and cases are cited from other States to sustain that view. But we also find that there are cases from several of the States which directly sustain the view which we have adopted; and as we think these cases are better founded in reason than those relied upon by the appellant, if we were to rest our decision upon either, we would be disposed to follow those which seem to us to be the better founded in reason. Neither of these classes of cases furnish authority binding upon us, and, therefore, we need not enter into any detailed consideration of them. We prefer to rest our decision upon what we regard as well settled principles of reason and justice. So far as we are informed, we have no case in this State which distinctly decides the point under consideration. One case, however, has been brought to our attention by the counsel for respondent in his argument (*McCorkle* v. *Doby*, 1 Strob., 396), in which we find certain principles laid down, which we entirely approve; and as they are quite pertinent to the present inquiry, we quote as follows: "It is generally affirmed, as a rule, that fraud avoids all contracts. But it would be more correct to say, fraud makes all contracts voidable; for it is at the option of the party to be affected by the fraud, whether or not he will treat the contract as void, and rescind it. The right to rescind, however, is subject to this restriction, that if, after discovery of the fraud, one party still avails himself of the benefit of the contract, or permits the other to proceed with

the execution of it, he will thereby be held to have waived the tort and affirmed the contract. The case of *Campbell* v. *Fleming,* 1 Ad. & El., 40, was an action for money had and received. The plaintiff had purchased some mining shares on the representations of the defendant, which he afterwards discovered were false and fraudulent. After the discovery, the defendant (doubtless a misprint for plaintiff?) dealt with the shares as his own, and sold a part of them. The plaintiff was nonsuited. It was held that there was, no doubt, a gross fraud on the plaintiff; but that, after he had learned an imposition had been practiced on him, he ought to have made his stand, and knowing the fraud, and having elected to treat the transaction as a contract, he had lost his right of rescinding it." The principles thus laid down are, it seems to us, conclusive of this case; for until the contract evidenced by the release is rescinded or set aside, it constitutes a bar to plaintiff's action, and surely the plaintiff is not entitled to have that part of the contract which imposes an obligation upon him set aside, leaving that part of the contract which confers upon him benefits in full force and effect, which would be the result if he be allowed to bring this action without first returning, or offering to return, the money which he received under the contract. The doctrine is well and concisely stated in a note to one of the cases cited by appellant in his argument in these words: "A party rescinding a contract for fraud, must return what he has received on it, or offers to do so," citing *Masson* v. *Bovet,* 1 Denio, 69, 43 Am. Dec., 651. The case of *Price* v. *Railroad Company,* 38 S. C., 199, has been cited by appellant in his argument here; if for the purpose of showing that a plaintiff in a case like this may bring his action without returning, or offering to return, the money which he received, it is certainly no authority for any such proposition, for the very obvious reason that no such question as that presented here was raised in the case of Price, and was never decided, or even considered, in that case. If, however, that case is cited for the purpose of showing that, under the proper

3 practice, no reply should have been required to the second defense set up in the answer, then the conclusive answer is that, so far from that case deciding any such proposition, it, on the contrary, expressly recognizes the right of the defendant to obtain from the Court an order requiring the plaintiff to reply. All that the case of Price *v.* Railroad Company does decide in relation to this matter, is that, where the plaintiff fails to obtain an order requiring a reply, as was the case in that case, the plaintiff may offer evidence in denial or avoidance of the new matter set up in the answer; but it at the same time recognizes the right of defendant to obtain from the Court an order requiring a reply, as is shown by the following language used in that case: "The defendant company probably might have required a reply to the new matter of the release, but they did not do so—Code, sec. 174;" and there can be no doubt that, under the provisions of that section, "the Court may, in its discretion, on the defendant's motion, require a reply to such new matter," as was done here. Besides, the plaintiff is in no condition to raise this question. The order of Judge Buchanan requiring a reply was not excepted to, and it is not alluded to in any of the grounds of appeal. Indeed, Judge Gage, from whose order this appeal is taken, so far as appears, never considered or passed upon, and was never called upon to consider or pass upon, any such question.

The judgment of this Court is, that the order appealed from be affirmed.