## 7336

### TREADWAY v. UNION BUFFALO MILLS CO.

1. EVIDENCE—POVERTY—RELEASE.—On the issue whether the release from damages for personal injuries was fairly obtained, evidence tending to show the poverty and necessitous condition of releasor and his family at time of its execution is competent.

2. IBID.—INSANITY—IBID.—There was sufficient evidence here as to the mental unsoundness of releasor to carry to the jury the issue whether releasor was mentally unsound at time of execution of the release.

3. RELEASE—TENDER.—Where a release expresses as its consideration certain amounts to be paid releasor and his doctor and nurse bills, tender, before action for damages, of the amount paid releasor and offer to pay the other amounts paid by releasee as soon as ascertained, demand having previously been made of the amount so paid, is sufficient.

Before KLUGH, J., Union, September, 1908.    Affirmed.

Action by Dora Estelle Treadway, administratrix of Joseph Treadway, against Union Buffalo Mills Company, A. B. Brannon and Joseph West. From judgment for plaintiff, defendant, Mills Company, appeals.

*Messrs. J. A. Sawyer* and *Smythe, Lee & Frost,* for appellant, cite: *Evidence as to financial condition of intestate incompetent:* 38 S. C., 199. *Law presumes contract is made in lucid moment:* 16 Ency., 606; 22 Cyc., 1208; 27 Am. Dig., 2640, 2462, 2463; 36 L. R. A., 721; 35 L. R. A., 119; 49 S. E., 126; 52 Am. R., 322. *Proof of mental incapacity must be clearly made out:* 3 Brev., 469; 8 Rich. Eq., 286; 4 McC., 107; 65 S. C., 558; 2 McC., 36; 5 Strob., 186; 24 Ency., 308, 309; 8 Cyc., 510, 511, 512; 91 U. S., 50; 18 Fed., 376; 71 Fed., 140; 23 N. W., 768; 25 N. W., 773; 52 N. W., 52; 20 Cyc., 13. *Legal tender of consideration of release must be made:* 56 S. C., 515; 66 S. C., 81.

*Messrs. V. E. DePass* and *Sanders & DePass,* contra, cite: *Evidence as to financial condition of intestate compe-*

*tent:* 38 S. C., 212.   *Tender or offer to repay consideration of release must be made:* 61 S. C., 48 ; 56 S. C., 508.

October 23, 1909.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   Joseph Treadway, while in the employment of defendant company, on February 19, 1907, was so injured by the fall of an elevator, operated by him, that he died on June 15, 1907.

His administratrix, the plaintiff, brought this action to recover damages, alleging negligence of defendant in failing to equip and maintain said elevator with safe and suitable ropes and clamps, and in failing to warn intestate of its defective and unsafe condition.   The defendant company answered, and in addition to general denial and pleas of assumption of risk, contributory negligence, and injury by fellow-servant, alleged that on May 28, 1907, intestate executed this release :

"The State of South Carolina, County of Union.   In consideration of the Union-Buffalo Mills paying my doctor's bill and nursing, and allowing me ninety cents per working day, from the 19th day of February, 1907, to the 19th day of April, 1907, and in further consideration of giving me $12, I hereby release the said company from any loss, injury or damage received by me through the falling of the elevator in one of its mills on the 19th day of February, 1907, the said amount being in full satisfaction of all claims or demands whatsoever that I have, or may have, against the said company, arising from the injuries received by me by the aforementioned accident.

"Witness my hand and seal this 28th day of February, 1907.                                        his

JOE   X   TREADWAY
"Witness :                                        mark.       (SEAL.)
    S. S. LINDER,
    J. WALTER SANDERS,
    W. L. LINDER."

The plaintiff introduced testimony to sustain the allegations of the complaint, and defendants introduced testimony to rebut the same, and also put in evidence the foregoing release.    The plaintiff put in evidence the following tender:

"We, the undersigned, as attorneys for the plaintiff, Mrs. Dora Estelle Treadway, and those for whom and for whose benefit she brings this action, do hereby offer to return, and do now tender the defendants herein the sum of fifty-four and no-100 dollars, said amount being or representing the work days between the 19th day of February, 1907, and the 19th day of April, 1907, at ninety (90) cents per day, as stipulated in a certain paper or instrument of writing purporting to be a release; and the further sum of twelve and no-100 dollars, set out in said paper or instrument, purporting to be a release, and to have been paid to deceased, Joseph Treadway, together with whatever sum was paid by the mill for the doctor's bill and nursing, said amount being unknown to us, and for which reason we are unable to make a tender of any definite amount on account of said doctor's bills, nursing, etc.   This tender is made after having requested that the amount of money paid out for doctor's bills, nursing, etc., should be furnished us, which has not yet been done.   We are, however, ready and willing to pay the amount paid out for doctor's bills, nursing, etc., as soon as furnished us.

"This offer and tender is made for the purpose of covering everything included in or covered by any paper or instrument purporting to be a release signed by Joseph Treadway, deceased.

"You will please take notice that the said paper, or instrument purporting to be a release, is hereby repudiated, as having been obtained by misrepresentation, fraud, concealment, coercion and duress, at a time when the said Joseph Treadway was unable to understand or know what he was doing.                         V. E. DePass,

SANDERS & DePass,

Plaintiff's Attorneys."

The tender was refused.

After close of· all the testimony defendant moved the Court to direct a verdict, which was refused. The jury found a verdict for plaintiff for four thousand dollars. Defendant moved for a new trial, which was refused.

Appellant's first exception alleges error in admitting certain specified testimony of several named witnesses, tending to show the poverty and necessitous condition of intestate and his family at the time óf the execution of the release. The contention is that such testimony had no relevancy to any issue before the Court. While ordinarily such testimony is not admissible in actions like this, the situation and circumstances of the releasor become relevant when an issue arises, as in this case, as to whether the release was fairly obtained. *Price* v. *R. R. Co.,* 38 S. C., 212, 17 S. E., 732.

The second exception assigns error in not directing a verdict for defendant upon the ground that there was no evidence that intestate was mentally unsound at the time when he signed the release, and incompetent to· make the contract. While the witnesses to the release testified that the intestate was then mentally sound, an examination of the testimony by the plaintiff and other witnesses was such as to raise an issue for the jury on this point. Plaintiff, who was wife of the intestate, while not ·present at the exact moment of signing, was near in the house, testified that he was mentally unsound at the time of the signing, and other witnesses in her behalf testified as to such unsoundness existing recently before and recently after the signing.

Under the third exception it is contended that a verdict should have been directed for defendant because the plaintiff never tendered to defendants the amount that intestate received under the release, the testimony being that she tendered only fifty-four dollars; whereas, the doctor's and druggist's bills, paid out by defendant, amounted to one hundred and fifty-three dollars additional.

The cases of *Levister* v. *Ry.*, 56 S. C., 508, 35 S. E., 207, and *Riggs* v. *Association*, 61 S. C., 448, 39 S. E., 614, hold that before action for damages there should be a tender back of the amount received under the release.

In this case there was a tender of all amounts received, request for a statement of amount paid out under the release, and assurance of readiness to return all such amounts when statement was furnished.

So far as appears, the first information given plaintiff as to the amount of the bills of the doctor and druggist was upon the trial.

It would seem that plaintiff did all that could be required, and defendant, by not giving the necessary information demanded, is not in a position to avail itself of the objection that such money was not refunded before suit.

The judgment of the Circuit Court is affirmed.