8777

COCHRAN v. GREENVILLE, S. & A. RY.

(81 S. E. 191.)

FRAUD. RESCISSION. TENDER OF PRICE.

A grantor conveying to an electric railroad company land on which to build its road, with the right to make necessary cuts and fills, cannot, without tendering back the price paid, maintain an action for fraud based on the company's representation that its road would run at grade, while it made a cut of eight or ten feet.

MR. JUSTICE FRASER, *dissenting.*

Before PRINCE, J., Greenwood, April, 1913. Affirmed.

Action by McNary Cochran against the Greenville, Spartanburg & Anderson Railway for alleged trespasses committed upon plaintiff's land after entry under a grant of easement fraudulently obtained. From a judgment on order for nonsuit, plaintiff appeals.

*Mr. Wm. N. Graydon,* for the appellant, cites: *Testimony sustained allegation that deed to right of way was obtained by fraud:* 71 S. C. 528, 146, 150; 78 S. C. 430; 94 S. C. 312; 2 Hill L. 657; 93 S. C. 397; 67 S. C. 122.

*Messrs. Osborne, Cocke & Robinson,* and *Featherstone & McGee,* for respondent, cite: *Deed must be set aside to allow recovery:* 94 S. C. 425. *Consideration for deed must have been returned before suit:* 56 S. C. 508; 61 S. C. 488; 84 S. C. 44, 278; 71 S. C. 147; 131 Am. St. 346; 137 Am. St. 301, 302; 50 Am. Dec. 674, note; 74 Am. Dec. 661, note; 67 S. C. 126.

April 2, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant company built an electric railroad in front of the plaintiff's house, took up for that purpose about one half acre, and there made a cut of some eight or ten feet.

Therefor, plaintiff sued the defendant for damages.

The defendant set up a deed to it by the plaintiff, wherein it is written: "to make all necessary cuts and fills, and to do any and all acts necessary or appropriate for any proper purposes connected with said road or line."

For that deed defendant paid the plaintiff one hundred ($100.00) dollars.

The contention of the plaintiff below, and now is, that before deed was made, defendant, in order to procure its execution, "falsely and fraudulently assured the plaintiff that said road would run a grade through his land * * * he being assured that the building of said road would not injure the property of the plaintiff (and) would be built on top of the ground."

The contention of the defendant below, and here is, that the plaintiff has the unquestioned right to prove that the defendant deceived the plaintiff, and that the clause in the deed aforementioned ought therefore not to conclude the plaintiff; but that before plaintiff can make that issue of fact, he must return to the defendant the one hundred ($100.00) dollars paid aforetime.

That is the real issue of law in the case.

It is true the action is not to vacate the deed; but it is to vacate a material clause in the deed, to wit: the clause with reference to making a cut. No other part of the deed, except that is challenged; the plaintiff is willing for a grant of a right of way to stand, but he wants larger compensation therefor than was paid to him, and because the construction of the road was not according to his understanding. That part of the deed he may undo; but he must undo also that which the defendant did towards payment. Nobody wants to restore the status; that cannot be done now. But this much can be restored, which is enough; what was the agreement; was there fraud; and if so, what compensation is due the plaintiff for the construction that was done, and in the way it was done?

In our judgment, the issue now made has been heretofore decided, and that decision was the warrant of the Circuit Court to grant the nonsuit. *Levister* v. *R. R.*, 55 S. C. 508, 35 S. E. 307.

The order below is affirmed.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority of the Court.

In *Black* v. *Simpson*, 94 S. C. 314, 77 S. E. 1024, 46 L. R. A. (N. S.) 137, this Court says:

"But even if the property were still in the hands of the defendant, it is elementary that the plaintiffs could either tender back the price paid and demand a rescission, or they could elect to let their transfer to the defendant stand and bring their action to require him to account for the true value of the property acquired at less than its true value by false representation in breach of his trust." This is not an action for rescission, but damages for the fraud.

The Levister case, 56 S. C. 508, 35 S. E. 207, was a suit for damages for personal injury. There is always an element of doubt as to whether the party injured is entitled

to anything or not. It would be manifestly unfair to allow the plaintiff to retain doubtful money and then bring suit for more, for, as was said in that case (56 S. C. 513, 35 S. E. 209), "on the theory upon which he proceeds, the money which he retains is not his money." Here, however, the defendant has the plaintiff's land and does not claim to have paid too much for it. The sole question is the excess. Why should the plaintiff return money to which his right is unquestioned? I think the Black case, and not the Levister case, applied here.