BROWN *v.* WALKER LUMBER CO.

(122 S. E., 670)

1. MOTIONS—TRIAL JUDGE MAY CHANGE OR REVERSE RULING PRIOR TO RETURN OF VERDICT.—A trial Judge, in the exercise of a sound discretion, may change or reverse any ruling prior to a return of a verdict, and, in so far as a ruling on a motion for directed verdict is inconsistent with a ruling on a motion to nonsuit, subsequent ruling is merely a reversal of the former.

2. Courts—Ruling Does Not Become Law of Case Until Cause Passes Beyond Trial Court's Control.—A ruling on a nonsuit does not become the law of the case until the cause passes beyond Court's control.

3. Release—Contention That Payment by Liability Insurer Was Not for Employer's Benefit Held Without Merit.—Where liability insurer paid the consideration for a release executed by injured employee, acknowledging payment by and purporting to release employer from any claim by .reason thereof, a contention that the money was not paid by or for benefit of employer *held* without merit.

4. Insurer—Injured Employe's Claim Held Not Against Liability Insurer.—Injured employe's claim released is against employer and not against latter's liability insurer.

5. Release—That Release Was Negotiated by Liability Insurer Does Not Absolve Employe From Tendering Return of Consideration.—That a release had been negotiated and consideration paid by employer's liability insurer does not absolve injured employe from obligation to return or tender consideration.

6. Release—Proposal of Plaintiff's Attorney Made in Court Held Not Sufficient Offer to Return Consideration for Release.—A proposal of plaintiff's attorney made in Court that, if "the company" demanded a return of the release money, a tender would be made, coupled with contention that employer had no right to receive it, *held* not such an unconditional offer to return the money as would entitle plaintiff to treat release as rescinded.

7. Release—Offer to Return Release Money, Made on Motion for Directed Verdict, Held Too Late.—Where, up to the time of a motion for a directed verdict for the defendant, plaintiff insisted on retention of release money, an offer made then to return it *held* too late, as plaintiff had waived the right to avoid the release for fraud.

Before Whaley, J., County Court, Richland, March, 1923.    Affirmed.

Action by Lon Brown against Walker Lumber Company. Judgment for defendant entered on a directed verdict, and plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Rules governing directed verdicts:* 96 S. C., 153; 84 S. C., 299; 116 S. C., 135. *Demurrer or answer:* Code Civ. Proc. 1912, Sec. 198. *Nonsuit:* 67 S. C., 122; 56 S. C., 508; 102 S. C.,

639. *Tender:* 8 Cyc., 156; 89 S. W., 801; 99 Pac., 736; 40 Pac., 609; 68 N. W., 367; 98 Pac., 771; 39 Ill., 227; 93 N. W., 938; 78 N. W., 288; 30 N. W., 688. *Agency:* 31 Cyc., 1368. *Public policy:* 9 Cyc., 481, 500; 37 N. E., 158. *Error not to direct a verdict in favor of the plaintiff:* 118 S. C., 466. *Defendant's failure and refusal to offer testimony:* 121 S. C., 98.

*Messrs. Benet, Shand & McGowan,* for the respondents, cite: *Indemnity insurance:* 113 S. E., 118; 92 S. C., 258. *Tender:* 102 S. E., 639; 56 S. C., 508; 107 S. C., 303. *Consideration:* 6 R. C. L., 654; 3 Elliott on Contracts, Sec. 2058; 83 S. C., 78; 55 L. R. A., 87. *Acceptance of payment from third party:* 18 S. E., 456; Note 100 A. S. R., 394. *Statement of an offer is not payment of tender:* 26 S. C., 344. *Directed verdict:* 93 S. E., 137; 117 S. E., 362.

April 29, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Lon Brown, plaintiff appellant, sued the defendant, R. W. Walker Lumber Company, for personal injuries alleged to have been sustained by Brown while in the employ of the defendant. The defendant answered, setting up, among other defenses, that the plaintiff had executed and delivered to the defendant a written release under seal whereby for the sole consideration of $75.00 plaintiff released the defendant from all claims growing out of or to grow out of the alleged injuries. The Court, on defendant's motion, required the plaintiff to reply to that part of the answer setting up the release and to state in the reply whether or not the consideration mentioned in the release had been repaid or tendered. Plaintiff filed a reply admitting the receipt of the $75.00, and alleging that it was not paid by the defendant Lumber Company, but by an indemnity insurance company, and further that the release was obtained through fraud and misrep-

resentations.   There was no allegation of repayment or tender.   The defendant demurred to this reply, and the demurrer was overruled.   The case ·then went to trial.   At the conclusion of the evidence offered by plaintiff, motion was made for a nonsuit, which was refused.   The defendant then rested its case, and a motion for direction of verdict in favor of defendant was granted.

Appellant's first contention is that the trial Court 1, 2 having refused a nonsuit, and the defendant having offered no evidence, could not then proceed to direct a verdict; that is, that the presiding Judge was precluded by his ruling upon the nonsuit from afterwards granting the motion for a directed verdict.   On the trial of a jury cause it is entirely competent for the trial Judge, in the exercise of a sound discretion, to change or reverse any ruling prior to. the return of a verdict by the jury.   In so far as the ruling on the motion for the directed verdict was logically inconsistent with the ruling on the motion to nonsuit, the subsequent ruling was merely a reversal of the former. The ruling on the nonsuit was not and could not become the law of the case until the cause passed beyond the control of the trial Court.   The trial Judge, therefore, was in no wise legally bound by the refusal of the nonsuit to refuse the direction of a verdict.

Appellant's second proposition, embraced in excep- 3-5 tions' 2, 3, 4, and 5, is substantially this:   That the verdict was erroneously directed in that the plaintiff was under no legal obligation to return or tender to the defendant the amount paid the plaintiff for the execution of the release because the money had not been paid "by the defendant or for the benefit of the defendant," but "by an indemnity insurance company for its own benefit."   It is contended that there was evidence tending to establish that the release was procured and the consideration therefor paid by an insurance company; that the defendant had nothing

to do with the release, no legal connection with it, and was entitled to base thereon no right or equity to a return of the money. The undisputed evidence established that the defendant Lumber Company carried an ordinary policy of insurance against employer's liability, that the release executed by the plaintiff was procured by a representative of the insurance company, and the consideration therefor paid by the insurance company in compliance with its contractual obligation to indemnify the Lumber Company against liability on account of the plaintiff's injuries; and that the release in writing acknowledged the payment "by the R. K. Walker Lumber Company" and the receipt by plaintiff of the sum of $75 in consideration of which the plaintiff released and discharged the R. K. Walker Lumber Company from all claims, demands, etc., resulting from an accident on or about a certain date at the works of the Lumber Company. In that state of facts the contention that the money for the release was not paid by the defendant or for the benefit of the defendant, we think, is patently untenable. The money was paid by authority of the defendant for the defendant's benefit through an agency the defendant had provided for that very purpose. The claim released was a claim not against the insurance company but against the Lumber Company. See *Horsford v. Glass Co.,* 92 S. C., 258; 75 S. E., 533. *Burgess v. Germany-Roy-Brown Co.,* 120 S. C., 285; 113 S. E., 118. *Duke v. Parker* (S. C.), 118 S. E., 802. If the release was valid, it fully protected the Lumber Company. If in order to repudiate the release it was essential that the plaintiff repay or tender payment of the consideration for the release, the money should have been paid or tendered to the defendant, the Lumber Company. In holding that the plaintiff was not absolved from the obligation to return or tender return of the money by the fact that the release had been negotiated by the insurance company and

the consideration paid by it, the trial Judge committed no error.

Appellant's third contention (Exception 6) is that a sufficient tender or offer to return the money was made by plaintiff's counsel in open Court at the trial. In the case of *Levister v. Railway Co.,* 56 S. C., 508; 35 S. E., 207, this Court held (syllabus):

"A party having suffered injury from alleged negligence of a railroad company, and for a valuable consideration having released the company from all liability therefor, cannot maintain an action for such negligence without returning the consideration, although he alleges the release was obtained by fraud."

In the case at bar the defendant in its answer set up the release as a defense. Pursuant to suggestions as to procedure made in *McDowell v. Ry., Co.,* 113 S. C., 399; 102 S. E., 639, the Court below ordered plaintiff to reply to that part of the answer setting up the release, and to state in the reply whether the alleged consideration for the release had been repaid or tendered to the defendant. The reply admitted the receipt by plaintiff of the sum of $75, but denied that it had been paid by the defendant, and alleged that it had been paid by an insurance company in "its own interests and not the interests of the Walker Lumber Company." The reply further alleged that the release had been procured by fraud, but did not allege that plaintiff had ever repaid or offered to repay the consideration to any one. The Court overruled a demurrer to the reply, presumably upon the ground that plaintiff denied that the consideration for the release had been paid by or on behalf of the defendant. At the trial, after defendant had moved for a directed verdict, plaintiff's counsel made the following offer:

"Mr. Graydon: I take the position—I will state that if the company wants to make demand of Brown for the re-

turn of this money we stand ready to tender it to them; but the Walker Lumber Company could not receive it under the undisputed testimony."

We are clearly of the opinion that in no view of the case was this a sufficient tender or offer. In the first place, plaintiff's proposal was merely a conditional offer that if "the company" (whether the insurance company or the Lumber Company does not appear) wanted to make demand for return of the money a tender would be made, coupled with the contention that the defendant had no right to receive it. The defendant had made no demand for the return of the money, but, on the contrary, was insisting that the plaintiff keep the money and abide by his contract. There was, it would seem clear, no such conditional, definite offer to return the money as would entitle the plaintiff to treat the contract of release as rescinded. In the second place, if the offer had been sufficient, it came too late. Up to the time of the motion for direction of the verdict the plaintiff was insisting upon retaining the benefits which he had received under the contract releasing the defendant from liability, and, at the same time, insisting upon escaping the obligations imposed by the contract on the theory that the money had not been paid by the defendant, but by a third party. He took the risk of that theory proving, as it was, untenable. At the conclusion of the evidence, the condition precedent to avoiding the release for fraud, viz.: the return or tender of the consideration for the release, had not been complied with. *Levister v. Ry. Co., supra.* The underlying principle of the rule laid down in the *Levister Case* is that the right of one to rescind a contract for fraud is subject to the condition that if, after discovery of the fraud, he still avails himself of the benefit of the contract, or permits the other party to proceed with the execution of it, he will be held to have waived the tort and affirmed the contract. The plaintiff

here knew of the alleged fraud, certainly, before the trial; he set it up in his reply to the answer. But he did not return or offer to return the money paid him until all the evidence had been adduced at the trial and a motion made to direct a verdict. In that situation we think there was clearly a waiver of any right the plaintiff might have had to avoid the contract for fraud. The sixth exception must, therefore, be overruled.

The only remaining contention (Exception 7) is that the trial Court erred in refusing a motion to direct a verdict for the plaintiff. Appellant has not shown that the verdict for the defendant was erroneously directed. If the verdict was properly directed for the defendant, it could not, of course, have been properly directed for the plaintiff.

All exceptions are overruled, and the judgment of the County Court affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.