## 11710

### HARRISON v. SOUTHERN RAILWAY CO.

#### (127 S. E., 270)

1. RELEASE—RELEASE HELD BAR TO RECOVERY, IN ABSENCE OF OFFER TO RETURN CONSIDERATION RECEIVED.—Where plaintiff, suing for personal injuries, in her complaint pleaded fraud in procurement of release previously given, but made no offer to return consideration received therefor, *held*, released was bar to recovery.

2. RELEASE—ALLEGATIONS OF FRAUD HELD INSUFFICIENT TO WARRANT RECEIPT OF TESTIMONY PERTAINING THERETO.—In action for personal injuries by one who had previously executed release to defendant, allegations of fraud in procurement of such release *held* insufficient to warrant receipt of testimony pertaining thereto.

3. RELEASE—THAT PLAINTIFF DID NOT READ RELEASE HELD INSUFFICIENT TO ESTABLISH FRAUD IN PROCUREMENT OF RELEASE.—That defendant, suing for personal injuries, did not read over release previously executed by her, is insufficient to establish fraud in procurement of such release.

Before WHALEY, J., County Court, Richland, October, 1924. Reversed.

Action by Rebecca Harrison against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

The following paragraph contains all allegations of fraud contained in plaintiff's complaint and referred to in the opinion:

"That at the time of the wreck and shortly thereafter, while the plaintiff was near the scene of the wreck, a white man, who said he was representing the railroad, came along and gave to this deponent ten dollars ($10.00), and asked her for a receipt; that this deponent signed what she thought was a receipt, and received the ten dollars ($10.00),

which she thought was being given her to assist her in getting home; she having had a ticket on the defendant's railroad, and the train having been wrecked, this deponent was under the impression that she was given temporary assistance, and accepted that ten dollars ($10.00) upon the basis of temporary relief; that this plaintiff is now informed and believes, from statements of her counsel, that the Southern Railway claims that she has signed a release releasing them from any and all liabilities; that this plaintiff alleges that the release, or so-called release, was obtained from her by fraud on the part of the railway company, and that the same is null and void."

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for appellant, cite: *Release should have been sustained and nonsuit granted:* 56 S. C., 508; 113 S. C., 339; 122 S. E., 670; 113 S. C., 260; 99 S. E., 133. *Fraud will not be presumed:* 36 Am. Dec., 713; 25 Am. Dec., 282; 45 Am. Dec., 448; 88 S. E., 440; 91 S. C., 332. *Question of tender was for the Court:* 97 S. C., 34.

*Messrs. John Hughes Cooper* and *John E. Edens,* for respondent, cite: *Sufficient evidence of fraud for the jury:* 12 R. C. L., 236; 118 S. C., 368; 117 S. C., 454; 116 S. E., 672; 12 R. C. L., 439; 111 S. C., 37. *Inadequacy of consideration evidence of fraud:* 12 R. C. L., 442. *Question of tender properly submitted to jury:* 1 Strob. L., 396; 62 S. C., 42; 61 S. C., 448; 116 S. C., 469; 121 S. C., 370; 27 C. J., 22 and 77; 113 S. C., 838; 117 S. E., 539.

March 6, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

During September, 1923, the plaintiff was a passenger on one of the trains of the defendant. There was a derailment of the train, and the plaintiff was injured. Some days after the accident she executed a release for $10, holding the defendant harmless from any other claims or demands.

The exceptions charge error on the part of the trial Judge as follows: (1) Refusal of motion for nonsuit; (2) refusal of motion to direct verdict; (3) error in charge; and (4) refusal to grant a new trial.

Under the view which we take of this case, it is only necessary to consider the alleged error in refusing to grant the nonsuit. The case of *Levister v. Railway,* 56 S. C., 508; 35 S. E., 207, supported by the later cases of *McDowell v. Railway,* 113 S. C., 399; 102 S. E., 639, and *Brown v. Lumber Co.* (S. C.), 122 S. E., 670, appears to be conclusive of this issue. See, also, *McKittrick v. Greenville Traction Co.,* 84 S. C., 275; 66 S. E., 289. *Riggs v. Home Mut. Fire Protection Ass'n.,* 61 S. C., 448; 39 S. E., 614; and *Treadway v. Union Buffalo Mills Co.,* 84 S. C., 41; 65 S. E., 934.

The respondent, however, makes two contentions— one that the consideration paid at the time the release was executed was tendered to the defendant three months before the trial; and the other that the defendant was guilty of fraud in obtaining the signature of the plaintiff to the release. If the attorneys for the plaintiff had been in ignorance of the release, and had drafted their complaint without mention of it, then they would have had a perfect right to make tender of the consideration after the complaint was served. If the first knowledge they obtained of the release was by the answer of the defendant, they would still have had that right. The right of the defendant to have the plaintiff reply to this new matter would then have been controlled by the rule set forth in the *McDowell Case,* referred to above. But there was no offer to return the consideration before the suit was brought, although the fact of the release was well known to the plaintiff, and actually alleged in her complaint. Nor does the rule mentioned in the *McDowell Case* apply, for the reason that no new matter was set up in the answer. Both complaint and answer mentioned the release.

In regard to the allegations of fraud made in the 2, 3 complaint, we may say that they were entirely insufficient to warrant any testimony pertaining thereto. See *Gem Chem. Co. v. Youngblood,* 58 S. C., 56; 36 S. E., 437. But aside from this we fail to see any evidence of fraud on the part of the defendant. It is claimed that the release was not read over to her, and this was a fraud practised on her by the defendant. In the case of *Colt Co. v. Freeman,* 124 S. C., 211; 117 S. E., 351, the following ruling of the Circuit Judge was approved:

"Now, in the law, people must read their contracts. * * * If he cannot read, he must try to find some one to read it for him,"etc.,

—thus disposing of a similar charge of fraud.

As the motion for nonsuit should have been sustained, the judgment of the lower Court is reversed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.