## 17782

Cornelius PLUMMER, Respondent, v. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY OF JACKSON-VILLE, FLORIDA, Appellant

(120 S. E. (2d) 108)

*Messrs. Turner, Padget, Graham & McDonald,* of Columbia, *for Appellant,*

*Messrs. Eston W. Page, Justin A. Bridges* and *J. Hewlette Wasson,* all of Laurens, *for Respondent,*

*Messrs. Turner, Padget, Graham & McDonald,* of Columbia, *for Appellant, in Reply.*

May 12, 1961.

OXNER, Justice.

This is an appeal from an order refusing a motion by defendant that plaintiff be required to reply to a plea of accord and satisfaction set up in the answer.

Plaintiff seeks to recover actual and punitive damages for an alleged fraudulent breach of an insurance policy in which defendant insured the life of Charles Plummer for $500.00 and for an additional sum of $500.00 in the event of his accidental death before attaining the age of 65. Plaintiff, his widow and the beneficiary named in the policy, alleged in her complaint that insured died on February 7, 1959 as a result of an accident; that on March 13, 1959, defendant paid her the natural death benefit of $500.00 but refused to pay the additional sum of $500.00 under the accidental death benefit clause; and that on May 13, 1959, an agent of defendant came to her home and after paying benefits due under some other policies, fraudulently induced her to execute an instrument purporting to be a general release of liability under all policies issued to her husband, including the policy involved in this action. The fraudulent act alleged was to the effect that the agent, knowing that the plaintiff was an illiterate and ignorant Negro with no knowledge of insurance policies, dissuaded her from consulting counsel, failed to read or explain to her the instrument which she signed, suppressed its nature and effect and falsely stated that their experts would see to it that her rights were protected, all of which was done with the intent to cheat, defraud and swindle her of the balance due on the policy.

Defendant alleged that upon investigation it discovered that the insured was more than 65 years of age when he died and in addition that his death did not result from an accident independent of all other causes and, therefore, the beneficiary was only entitled under the policy to the sum of $500.00 which had been paid. The defendant further alleged that the insured carried with it a total of ten different policies; that it paid the natural death benefits under five of them; that after concluding that there was no liability for accidental death benefits, it arrived at a settlement with the plaintiff of all liability under the various policies and paid to her on May 13, 1959, in accordance with said settlement, the sum of $8,100.00; and that upon payment of said amount, plaintiff executed a general release of all liability under five specifically named policies, "as well as all liability under any other policies issued by the defendant on the life of the insured which included the policy which is the subject of this action." Defendant denied defrauding or overreaching plaintiff, stating that the settlement was a fair and reasonable compromise which was carefully explained to the plaintiff in every respect. It was further alleged that "the said release constitutes a bar to this action and cannot be set aside until the plaintiff proves that there was fraud in the taking thereof, and until she returns to the defendant the entire consideration therefor in the amount of $8,100.00 which plaintiff has not done; that since said consideration has not been tendered or returned, this action is barred."

The motion to require plaintiff to reply was made under a statute which provides that "when an answer contains new matter constituting a defense by way of avoidance the Court may, in its discretion, on the defendant's motion, require a reply to such new matter." Section 10-661 of the 1952 Code. It was said in *Powell v. Continental Insurance Co.,* 97 S. C. 375, 81 S. E. 654, that this statute "leaves the matter entirely within the discretion of the Judge". Of course, such discretion may be reviewed by this Court where it clearly appears that it has been erro-

neously exercised. "While the exercise of the discretion must be determined by the circumstances of each case, such discretion is a legal one, which should be so exercised as to prevent surprise, expedite the trial, and promote the interests of justice, and thereby carry out the legislative purpose in conferring authority on the court to direct plaintiff to reply." 71 C. J. S. Pleading § 185, page 379.

A plaintiff is usually required to reply where a defendant sets up in his answer a release of the claim made in the complaint. *Levister v. Southern Railway Co.,* 56 S. C. 508, 35 S. E. 207; *Brown v. Walker Lumber Co.,* 128 S. C. 161, 122 S. E. 670; *Taylor v. Palmetto State Life Insurance Co.,* 196 S. C. 195, 12 S. E. (2d) 708; *Norton v. Planters Fertilizer & Phosphate Co.,* 206 S. C. 119, 33 S. E. (2d) 247. In such a case a reply is ordinarily necessary to enable a defendant to determine before trial the nature of the attack, if any, which plaintiff will make upon the release. As stated in *Williams v. Jefferson Standard Life Insurance Co.,* 181 S. C. 344, 187 S. E. 540, 543, this statute "was intended for the benefit of the defendant by giving him notice of the facts upon which the plaintiff relied."

In the instant case the plaintiff did not ignore the release in her complaint. She referred to it and alleged that it was fraudulently procured. Defendant denied the alleged fraud and claimed that the settlement was fairly made. The complaint, therefore, has put the defendant on notice of the nature of the attack made on the release. If plaintiff were required to reply, she could only do so by reiterating the allegations of fraud contained in the complaint. See 71 C. J. S. Pleading § 186, page 381. It can hardly be said that any new matter is set up in the answer. *Harrison v. Southern Railroad Co.,* 131 S. C. 12, 127 S. E. 270.

Defendant apparently concedes that the complaint apprises it of the grounds upon which plaintiff seeks to invalidate the release but says that a reply is sought for the purpose of obtaining "an admission that the consideration for the re-

lease has never been tendered or returned", so as to enable it to demur to the reply or move for judgment on the pleadings. Plaintiff seems to take the position in her brief that she was paid the sum of $8,100.00 for a release of liability solely on the five policies specifically mentioned but received nothing and should return nothing for a release of liability on the policy involved in this action. In other words, plaintiff contends that the rule requiring a return of the consideration, or an offer to do so, as a prerequisite to setting aside a release does not apply because she "is not attempting to invalidate the release as to the policies specifically numbered therein and for the release of which the appellant paid a consideration of $8,100.00." Defendant disagrees with this construction of the release, contending that it clearly applies to the policy in question and all others.

We are not called upon now to determine the effect of the release and intimate no opinion thereabout. The only question here is whether the Court below committed an abuse of discretion in refusing to require plaintiff to reply. Under all the circumstances, we cannot say that this discretion was erroneously exercised.

Affirmed.

TAYLOR, C. J., and LEGGE, Moss and LEWIS, JJ., concur.