### MASON v. POSTAL TELEGRAPH CABLE CO.

1. EVIDENCE—PAROL.—It is not error to admit parol evidence that might contradict a writing not then in evidence.

2. IBID.—IBID.—FRAUD—TELEGRAPH CO.—A PERMIT granting a telegraph company the right to locate its line where it chooses may be varied by parol, by showing a verbal agreement to locate at a particular place, when it is sought to show that the permit was procured by fraud.

3. WRITINGS—FRAUD.—Party who can read is not bound by signature to paper obtained by false or fraudulent representations.

Before TOWNSEND, J., Spartanburg, May, 1904. Affirmed.

Action by Margaret Mason against Postal Telegraph Cable Co. From judgment for plaintiff, defendant appeals.

*Messrs. Ralph K. Carson, Ravenel & Gantt* and *Felder & Roundtree,* for appellant.

*Mr. Carson* cites: *Parol evidence incompetent to contradict permit:* Star. Ev., 648; 46 S. C., 372; 69 S. C., 93; 52 S. C., 133; 56 S. C., 558. *One entering under permission is not trespasser:* 32 S. C., 429; 1 Add. on Torts, sec. 447; 18 Ency., 1132-34; 33 S. C., 175; 58 S. C., 145, 532; 62 S. C., 52; 21 S. C., 420. *A person who can read is bound by paper signed:* 9 S. C., 20; 69 S. C., 87; 53 S. C., 55; 46 S. C., 229; 2 Strob. Eq., 153; Bail Eq., 485.

*Messrs. Felder & Roundtree,* same citations as in Burnett case.

*Mr. Stanyarne Wilson,* contra, cites: *Paper procured by fraud may be contradicted:* 38 S. C., 210; 66 S. C., 82. *Defendant denied plaintiff's right to compensation, entered without permission and was trespasser:* 38 S. C., 308; 62 S. C., 56; 37 S. C., 387.

March 16, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint in this action was to recover damages for trespass upon plaintiff's lands by the defendant in the construction of its telegraph line over the same. The defendant plead in defense a written and verbal permission by plaintiff to enter and construct. The action

resulted in a verdict and judgment for plaintiff. The defendant constructed its line through plaintiff's yard over the piazza of her house. In her deposition, taken for use at the trial, plaintiff testified that she did not consent for the line to be constructed through her yard, and that, when defendant's agent got her to sign a paper, he told her that the poles would be put next to the railroad. Defendant's counsel objected to this testimony as tending to contradict a written instrument, and the ruling of the Court in admitting the testimony is the ground of the first exception.

The instrument to which defendant's counsel referred, as it afterwards appeared, granted the defendant company, in consideration of one dollar, "The right to construct and maintain its lines of telegraph including the necessary poles and fixtures over the property which I own or in which I have any interest in the county of Spartanburg and State of South Carolina and along the roads, streets, highways adjoining, etc." In the case of *Zimmerman* v. *American Telephone and Telegraph Co.,* recently decided, 72 S. C., this Court used this language: "If the instrument had been such as to grant the right to cross plaintiff's lot in any line defendant should locate, it would not have been competent in the absence of allegation of fraud to show a contemporaneous parol agreement or mutual understanding that the line should be located in a different way from that adopted by the defendant, as that would violate the salutary rule which forbids parol testimony to vary or alter a written instrument." If we should concede that such an instrument authorized a location upon and over plaintiff's premises wherever defendant should choose, the ruling of the Court was correct for either of two reasons: (1) The instrument had not been proven and introduced in evidence at the time of the ruling. (2) If it had been so proved and introduced, the plaintiff was seeking to show that it was procured under a fraudulent representation.

The third exception alleges error in refusing to charge

defendant's first request as follows: "Where a person signs a written instrument, and it is proven that she signed it, the presumption is that she signed it knowingly; if a person who can read and has the opportunity of reading, signs without reading, she is bound thereby." The Court charged the first sentence without making reference to the second. The second sentence was faulty in that it eliminated all question as to whether her signature had been procured by false and fraudulent representations.

The remaining exceptions are substantially the same as those considered in the case of Burnett v. Postal Telegraph and Cable Company, recently decided, and are overruled for reasons therein stated.

The judgment of the Circuit Court is affirmed.