## BURNETT v. POSTAL TELEGRAPH CABLE CO.

1. NONSUIT—TELEGRAPH Co.—JURY.—It was proper to refuse nonsuit and submit to the jury whether defendant had committed an unauthorized trespass upon plaintiff's land, where the evidence of plaintiff was to the effect that the permit to enter claimed by defendant was obtained fraudulently.

2. JURY—CONSIDERATION.—When there is an issue in the evidence as to whether the money passed between the parties was a gift or payment for the permit, it is proper to submit to the jury whether the permit was procured for valuable consideration.

3. TELEGRAPH CO.—TRESPASSER.—CHARGE that telegraph company is
not liable as trespasser except for a wilful and wanton trespass
after entry by permission, is as favorable to the company as to
charge that plaintiff cannot recover unless the permit was invalid
and the company a trespasser.

Before TOWNSEND, J., Spartanburg, May, 1904.   Af-
firmed.

Action by T. J. Burnett against Postal Telegraph Cable
Co.   From judgment for plaintiff, defendant appeals.

*Messrs. Ralph K. Carson, Ravenel & Gantt* and *Felder &
Roundtree,* for appellant.

*Mr. Carson* cites: *Defendant having entered by permis-
sion, action for trespass does not lie:* 32 S. C., 429; 1 Add.
on Torts, 18 Ency., 1132, 34; 33 S. C., 175; 58 S. C., 532.
*Jury must take law from Court:* 16 S. C., 2; 68 S. C., 523.
*Plaintiff must return consideration before he can sue:* 56
S. C., 508.

*Messrs. Felder & Roundtree,* cite: *What misrepresenta-
tions constitute fraud or are the basis of an inference of
fraud:* 14 Ency., 33, 47.   *The trespass, if any, was a mis-
take, and defendant is not liable for punitive damages:* 48
S. E., 460; 40 S. E., 563; 62 S. C., 270.

*Mr. Stanyarne Wilson,* contra, cites: *Permission was ob-
tained by fraud, and is of no value:* 38 S. C., 199; 66 S. C.,
77.   *Charge was to the effect that if there was a considera-
tion for the permit, it must be returned before suit:* 56 S. C.,
508; 61 S. C., 537; 66 S. C., 77.

March 16, 1905.   The opinion of the Court was delivered
by

MR. JUSTICE JONES.   The plaintiff brought this action
against defendant company for damages for an alleged reck-

less and wanton trespass upon his land in the construction of its telegraph lines over same. The defendant, in its answer, alleged a written permit to enter and construct said lines, and that the lines were constructed with care and due regard to the rights of plaintiff and within the limits of the permit. The plaintiff, by its testimony, among other things, sought to show that the alleged permit was obtained by false and fraudulent representation. The jury rendered a verdict in favor of plaintiff for $300, and from the judgment thereon defendant appeals.

(1) The first exception assigns error in refusing defendant's motion for a nonsuit upon the ground that the defendant entered upon the premises under the permit from the plaintiff. The alleged written permit was not proven or introduced in evidence at this stage of the case. Some reference had been made to the existence of such a paper, but the testimony of plaintiff was to the effect that he had never given permission for the location and construction of the defendant's line at the place of its location, and that the defendant's agent had obtained the alleged permit by falsely and fraudulently representing that the line was to be located between a certain designated post on the Western Union line and the railroad, and on the right of way of railroad through plaintiff's land, and that the railroad authorities had granted leave for defendant to put it there. There was testimony further that plaintiff, not being able to read without his glasses, and not having them with him in the field where the paper was signed, signed a paper without reading it or having it read to him, which he supposed gave permission to construct the line between the designated post and the railroad. It was, therefore, proper to refuse nonsuit and leave it to the jury to determine whether defendant had committed an unauthorized trespass upon plaintiff's property.

(2) The second exception charges error in refusing a new trial on the ground that the jury disregarded the following

instruction: "That if a party is induced to enter into a contract by false and fraudulent representation and receives a consideration therefor, he may, upon discovery of the fraud, repudiate or affirm the contract, but before he can bring an action to rescind, the party deceived must either return, or offer to return, the consideration."

The fourth exception also alleges error in not charging the foregoing without adding the following: "That the jury must say whether any consideration or not was returned, and whether any consideration was given in any particular instance, and in this instance whether there was a consideration, whether there was any thing signed for a consideration, and whether there was any consideration at all or not  If so, was it signed upon that consideration?  If you find there was consideration, then the consideration should be returned before suit was brought."  This last exception alleges error in instructing the jury: "(1) that they could find that the money paid plaintiff had been returned, when there was absolutely no evidence to support such a finding.  (2) In leaving it to the jury to find as a fact from the testimony whether or not any money had been paid to plaintiff, when the payment was proved by plaintiff's witnesses and acknowledged in writing by plaintiff, and, therefore, an admitted fact in the case binding upon the jury."

With respect to the consideration of one dollar, there was some testimony that plaintiff made no charge for signing the paper, but that defendant's agent after procuring his signature walked off a few steps, came back and handed the plaintiff a dollar, saying that he would make him a present of that for signing the paper.  Whatever might be our view as to the force of this testimony, it was not improper for the trial Court to submit it to the jury to determine whether, under the whole testimony, any consideration was paid and accepted for the permit as part of the contract.  The Court, in its instructions, gave defendant the full benefit of the rule

laid down in *Levister* v. *Railway*, 56 S. C., 508, 35 S. E., 207.

(3) Third Exception. The Court, after stating the issues as made by the pleadings, charged the jury, "If you find the defendant company committed a wilful and wanton act on the land of plaintiff and thereby damaged it, you would be justified in giving damages according to your judgment of the facts. If you find actual damages also, you can give damages for that; if you find otherwise, if you find that the defendant did not do that, it would not be responsible." In an exception to this charge, appellant alleges that the Court erred in instructing that plaintiff was entitled to recover if it was proven that his premises had been damaged by construction of defendant's telepragh line, when the jury should have been instructed that the plaintiff could not recover unless the grant or permit for right of way was invalid, and defendant a trespasser. The charge is not liable to the criticism made. The plaintiff alleged a wilful and wanton trespass and the defense was a written grant or license. The jury were, in effect, told that defendant was not responsible unless guilty of a wilful and wanton trespass upon plaintiff's land. This was quite as favorable to the defendant as to have charged that plaintiff could not recover unless the grant or permit for right of way was invalid and defendant a trespasser.

The exceptions are overruled and the judgment of Circuit Court is affirmed.