8492

GROCE v. GREENVILLE, SPARTANBURG & ANDERSON RY. CO.

1. CONDEMNATION.—A RAILROAD COMPANY has no right to take by condemnation property not reasonably necessary for a public purpose, and compensation can only be paid in money.

2. IBID.—INJUNCTION.—Where a party *may* be deprived of his property for railroad purposes without just compensation and without due process of law, the taking should be enjoined until that issue can be determined.  When the injunction would entail loss on the railroad company the plaintiff should be required to give an adequate bond.

3. RIGHT OF WAY—RAILROADS.—Where an entry is made under a grant for locating a railroad track, and the company claims it has the right under the grant to locate at a certain place, which is denied, it is as liable as if it had entered without permission, if its contention is not sustained in trial on the merits.

Motion in the original jurisdiction.

*Messrs. Bomar & Osborne,* for appellant.

*Messrs. Nicholls & Nicholls* and *Jno. Gary Evans.*

March 28, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Plaintiff brought this action solely for the purpose of obtaining an injunction, and appeals from an order refusing an injunction until the case can be heard on the merits.   So much of the complaint as is material to the consideration of the appeal is, in substance, as follows: That plaintiff is the owner of a tract of land which is bounded on the west by Middle Tyger River, her line extending to the center of the stream; that, in May, 1912, she granted defendant a right of way over said tract along a certain route which had been surveyed and was agreed upon; that defendant thereafter changed its plans, and is proceeding, against her objection and protest, to construct its road over her land along a substantially different route, without legal right or her permission to do so, and is about to cut a new channel for said river for the purpose of diverting the stream from her said lands without her consent or permission; that neither such change in the route of the road nor in the channel of the river is necessary for the performance of defendant's functions, as a railway company, and that, unless defendant is enjoined, she will be deprived of valuable property rights, without due process of law, and will be irreparably injured; that defendant never notified her in writing, as required by the statute, that it required a right of way over her land along the route upon which it is now constructing its road, or that it required a change in the bed of the river for its purposes, and as soon as she learned that defendant was proceeding to take her property without authority and without process of law, she objected and protested against the same, but that her objections and protests were unavailing, and she is without ade-

quate remedy save by the injunctive process of the Court; that defendant denies her ownership of said land and her right to compensation for the taking thereof. She prays that defendant be enjoined.

The plaintiff's grant describes the right of way as "running in a general southeasterly direction, and to be finally located approximately as shown by a survey made by Maj. Thos. B. Lee." It also gave defendant the right "to do any and all acts necessary or appropriate for any proper purpose connected with said road or line."

As originally located, the road passed to the east of a certain bend in Middle Tyger River on plaintiff's land. The bend is in the shape of a horseshoe. At the nearest point to the toe of the shoe, the road appears to be only about ten or fifteen feet from the eastern bank of the river. The new route which the company proposes to take, begins its departure from the old between a third and a half of a mile south of the river, and it gradually diverges to the west, until it attains a distance of a little over one hundred yards from the original location, and then the lines of the two locations converge until they meet about the same distance north of the point of greatest departure. The new location being a shorter curve than the old, it crosses the bend of the river about two hundred feet west of the old. The proposed change in the channel of the river consists in throwing it entirely west of the new location within the horseshoe. The part of the horseshoe east of the new location contains about three acres, and, to compensate plaintiff for the proposed change in the channel of the stream and still keep the stream as her western boundary, defendant has offered to convey to her the land within the horseshoe east of the proposed new channel.

The defendant asserts the right to make these changes under and by virtue of the plaintiff's grant,—that in the route, on the ground that it is "approximately" as shown by

the survey referred to in the grant, and that in the channel of the river, on the ground that it is necessary to the proper location of its road. These allegations are denied by the plaintiff. Upon both propositions the testimony is conflicting,—so much so that, considering all the evidence, the Court could not say that it was made so clearly to appear that plaintiff's action is without merit as to warrant the refusal of a temporary injunction, until the hearing on the merits.

If the plaintiff should establish, at the trial, that the revised location is such a departure from the old that, all the circumstances being considered, it is not reasonably approximate to the location referred to in the grant, then the right of way along the new route is not covered by the grant, and plaintiff would be entitled to compensation for the taking thereof; and, if it should be proved that the proposed change in the channel of the river is not reasonably necessary to the proper location and construction of defendant's road, the change cannot be made without plaintiff's consent, because the power of eminent domain cannot be exercised to take the property of the citizen, unless it is reasonably necessary to do so to subserve some public purpose. Just here, it may be said that the offer of defendant to convey to plaintiff the land within the horseshoe east of the proposed new location of the river may. be a fair compensation for the change, and it may be that plaintiff is unreasonable in refusing to accept it. But, as has been shown, if the change is not reasonably necessary for a public purpose, it cannot be made at all, without plaintiff's consent, which she may even capriciously withhold. Moreover, there is no authority for requiring plaintiff to accept the land within the horseshoe in compensation for her property rights taken. The law provides for compensation only in money. Any other must be by consent of the parties interested.

The necessity for the taking above referred to need not be absolute, but it should be reasonable; otherwise, corporations invested with the power to condemn might arbitrarily and oppressively deprive the citizen of his property, when it is not necessary to the public good. 15 Cyc. 632.

In either event above suggested, unless the injunction is granted, the plaintiff might be deprived of her property, not only without compensation, but she might be deprived of it without authority of law. The case falls squarely within the principle of *Riley* v. *Union Station,* 67 S. C. 84, 45 S. E. 149, and the cases therein cited.

This view of the case renders unnecessary, at this time, the consideration of the question, whether the defendant's entry upon plaintiff's land for the purpose of construction was by the consent of plaintiff, actual or presumed, for the purpose of relegating her to condemnation proceedings; because the defendant denies her right to compensation, and the plaintiff denies the defendant's right to change the location or the channel of the river, either under her grant, or under the power of eminent domain. These questions can be decided only in an action. *R. Co.* v. *Burton,* 63 S. C. 360, 41 S. E. 451; *Riley* v. *Union Station,* 67 S. C. 84, 45 S. E. 149; *Glover* v. *Ry.,* 72 S. C. 382, 51 S. E. 957, and cases cited.

But, even if the entry for the purpose of construction was made under the grant, or by consent, actual or presumed, the defendant would, nevertheless, be liable for any trespass committed outside the right of way granted, or for any invasion of the property rights of the plaintiff not incident to the proper location and construction of its road, just as it would be in case of an entry without such consent. *Granger* v. *Tel. Co.,* 70 S. C. 528, 50 S. E. 193; *Burnett* v. *Tel. Co.,* 71 S. C. 148, 50 S. E. 780; *Mason* v. *Tel. Co.,* Id. 152, 50 S. E. 781; *Phillips* v. *Tel. Co.,* Id. 577, 51 S. E. 247; *Burnett* v. *Tel. Co.,* 79 S. C. 465, 60 S. E.

1116, 38 Cyc. 998. The allegation here is that the defendant is trespassing outside the right of way granted, and that the trespass is not only of a continuous nature, but that it is of such a nature that the legal remedy therefor is inadequate; and, therefore, the remedy by injunction is appropriate. *McClellan* v. *Taylor,* 54 S. C. 430, 32 S. E. 527; *McClary* v. *Lumber Corporation,* 90 S. C. 104, and cases cited.

It appears from the record that no bond was required of plaintiff, when the rule to show cause, which carried a temporary restraining order, was granted. It further appears, from affidavits in the case, that defendant is sustaining heavy damages daily by reason of the injunction. Therefore, as a condition of enjoining defendant until the trial, plaintiff should be required to give such bond as will afford the defendant adequate protection, if the Court shall finally decide that plaintiff was not entitled to the injunction. Defendant is entitled to such a bond. *Water Power Co.* v. *Nunamaker,* 73 S. C. 550, 53 S. E. 996. The amount of the bond will be fixed upon application to the Circuit Court, or a Judge thereof.

Reversed.

MR. CHIEF JUSTICE GARY *dissents.*