SLAY, administrator, *v.* GEORGE *et al.*

1. The petition stated a cause of action for the partition of realty; but the plaintiff was barred of a recovery for an accounting of the personalty, as the suit was instituted more than ten years after the right of action accrued, and no sufficient cause for tolling the statute was alleged.

2. The grantors in the stating clause of a deed described themselves as "we, the undersigned heirs at law of said deceased, to wit," (naming five persons). The granting clause was that the grantors "do hereby give, grant, and convey all the right, title, and interest of all and each of us in and to the estate of Calvin George, deceased, . . so that neither the said heirs at law before mentioned, nor any other person claiming under them, shall at any time have, claim, or demand any right, title, or interest in the aforesaid estate as against said trustee" (the grantee). The deed recited that it was executed to give effect to an unsigned will of the decedent, and to add another beneficiary; and that the trustee, who was the grantee, was to be clothed with the same powers conferred on the nominated executor. *Held,* that the deed did not purport to be executed by all the heirs at law of the decedent, or to convey more than the makers' interest in the estate, and can not

serve as color of title on which to base adverse possession against an heir who was not a party to the deed.

3. Other assignments of error are either controlled by the above ruling, or relate to matters which will not likely occur on the next trial.

SEPTEMBER 12, 1916.

Equitable petition. Before Judge Park. Morgan superior court. August 14, 1915.

Mrs. Lossie George Walker brought an equitable action for partition of land, for an accounting, and for other relief, alleging, after amendment, that Calvin George, who had never married, died on March 26, 1902, leaving an estate of realty and personalty and the following heirs at law: Millard George, Emerson H. George, and Charles F. George, brothers; Mrs. Sophie McBurney, a sister; and Calvin May George and petitioner, nieces. Calvin May George is the only child of Chesley George, who died before the death of his brother Calvin George, and petitioner is the only child of L. E. George, who was a brother of Calvin George, and died before the death of Calvin George. Shortly after the death of Calvin George, to wit on March 31, 1902, his brothers and sister and his niece, Calvin May George, joined in a conveyance to Emerson H. George as trustee for five named nieces and a nephew of the late Calvin George; petitioner not being included as a beneficiary. The deed of conveyance began with a recital, that prior to his death Calvin George in his own handwriting had prepared a will for execution, but had never executed it, in which he had nominated Emerson H. George as his executor with certain powers; that it was known to the makers of the deed that it was Calvin George's intention to add to the list of nieces, designated in the will, the name of Martha George, the infant daughter of Millard George; and that it was the desire of the makers to carry out the provisions of the unsigned will. After the foregoing recital the conveyance continued: "Now therefore we, the undersigned heirs at law of said deceased, to wit [the signers], for and in consideration of the premises, and the love and affection we bear the legatees named in said will, and the natural advantages to us hereby accruing, and being moved hereunto by an earnest desire to carry out in minute detail the wishes of said deceased, do hereby give, grant, and convey all the right, title, and interest of all and each of us in and to the estate of Calvin George, deceased, personalty, notes and accounts, all evidences of indebtedness of all other parties to

him, choses in action, and all the realty and all other property of whatever kind he died possessed of, to Emerson H. George". as trustee, etc. It was further stipulated that the unsigned will was to be a part of the deed, and that the trustee was to have the same powers as were conferred on him as executor in the will. There was no administration on the estate of Calvin George. The parties to the deed took possession of certain described realty belonging to him, and have received the rents, issues, and profits thereof. The decedent also owned a large amount of personalty and choses in action of a stated value. Petitioner is the only child of L. E. George and his wife Mary A. Benton, who were married on October 27, 1878. On July 7, 1894, she married Samuel Walker, and she has spent her entire life in the States of Alabama and Mississippi, and has only recently learned of the death of her uncle and the disposition of his estate as alleged. The defendants knew of her rights, and of the fact that she was an heir at law of Calvin George, but never communicated with her respecting the same. She was unable, on account of her having lived out of Georgia all of her life, and her very recent information as to her rights as such heir at law, to give an accurate description of the personal estate of the decedent, but charged that his choses in action went into the hands of Emerson H. George, and by him were converted into cash, and that by intermeddling with the same he and the other defendants became chargeable to account to her for her share, as executors de son tort. She prayed for an accounting, for partition, and for general relief. She died before the trial of the case, and her administrator was made a party in her stead. The defendants demurred, and by answer denied the substantial allegations of the plaintiff as to her right to recover as an heir of law of Calvin George. The court sustained the grounds of demurrer which challenged her right to relief except for partition of the realty, and retained the petition for trial of the right to a partition of the realty described. On this issue the verdict was for the defendants. The plaintiff moved for a new trial, which was refused; and the bill of exceptions complains of the rulings on demurrer, and of the judgment denying a new trial.

　　*Middlebrooks & Burruss, Lewis, Davison & Lewis,* and *E. L. Pennington,* for plaintiff. *Samuel H. Sibley,* for defendants.

EVANS, P. J. (After stating the foregoing facts.)

1. In her original petition the plaintiff sought a partition of the estate of her uncle in the hands of the defendants. Her action was brought more than ten years after the death of her uncle. The statute of limitations is not applicable to actions to recover realty; and as the petition did not disclose an adverse title by prescription to the land, the court retained the petition as one for a partition of realty. *Lane* v. *Lane,* 87 *Ga.* 268 (13 S. E. 335). The allegations with respect to the personalty owned by petitioner's uncle and the defendants' connection therewith are very vague and indefinite; but if treated as sufficient, the plaintiff is barred by the statute of limitations. No fraud or concealment by the defendants is alleged that would suspend the statute under the Civil Code (1910), § 4380. *Davis* v. *Boyett,* 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386); *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426).

2. Objection was made to the reception in evidence of the trust deed from Sophie McBurney et al. to Emerson H. George, trustee, referred to in the statement of facts. One of the purposes for which the defendants offered this deed was to establish prescriptive title in themselves, as operative to deny a recovery to the plaintiff's intestate, although the proof might sustain her allegation that she was the only child of Dr. Lawson E. George and as such entitled to one sixth interest in the estate of Calvin George. One reason urged against the admission of the deed for this purpose was that it did not purport to convey anything more than the makers' undivided interest in Calvin George's estate. The makers do not declare in the instrument that they are the sole heirs at law, as was done in the deed before the court in *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294). In the stating clause of the deed the signers describe themselves as "we, the undersigned heirs at law of said deceased, to wit, Sophie E. McBurney of New York County, New York, Charles F. George, Millard George, Emerson H. George, Calvin May George." This is an express declaration that the makers are heirs at law of Calvin George, but these words of description are not exclusive of the idea that there are any other heirs; neither do they import that these signers represent that they are the only heirs. The granting clause is that the signers "do hereby give, grant, and convey all the right, title, and interest of

all and each of us in and to the estate of Calvin George, deceased, . . so that neither the said heirs at law before mentioned, nor any other person claiming under them, shall at any time have, claim, or demand any right, title, or interest in the aforesaid estate as against said trustee." The estate granted operates only upon the interest of the signers in the estate of Calvin George, and the granting clause purports to convey only the title of those heirs who signed the deed. But it is urged that the unsigned will, which by reference is incorporated as a part of the deed, demonstrates that the whole estate of Calvin George was intended to pass and did pass under the deed. The argument for this contention is, that, inasmuch as the deed confers on the grantee as trustee the same powers and restricts him to the same limitations as the will placed on him as executor, had it been signed and probated, it was intended that he was to deal with the entire estate, and that the real purport of the deed was not to convey a fractional interest. This contention is not sound. The grantors recognized that the unsigned will was inoperative to convey title; they further asserted that it omitted a beneficiary, who by the deed was to take. The incorporation of the unsigned will did not enlarge the quantity of the estate purported to be granted, but merely conferred on the trustee the powers named in the will as having been given to the executor. Courts will not interpret a deed by some tenants in common as operating on all the tenants in common, where the parties to the deed do not so declare. The deed was relevant evidence to show that those heirs at law who signed it had conveyed their interests to the grantee named therein; but the court in his instructions gave the deed effect as color of title, affording a basis for prescription against the plaintiff's intestate. As we have pointed out, the deed purports to convey only the interests of the signers; and if the evidence should disclose that the plaintiff's intestate was an heir at law of Calvin George, she would not be cut off by any prescriptive title of the defendants, based on this deed as color. The evidence relating to the good faith of the signers as bearing on the question of prescription was irrelevant.

3. Other assignments relate to matters involved in the preceding ruling, or such as are not likely to occur on the next trial, and do not require any ruling thereon.

*Judgment reversed. By five Justices, all concurring.*