## 9509

### FASS *ET AL.* v. LIVERPOOL, LONDON & GLOBE FIRE INS. CO.

### SAME v. NORTH CAROLINA HOME INS. CO.

### SAME v. INSURANCE CO. OF NORTH AMERICA.

(89 S. E. 1040.)

1. INSURANCE — DENIAL OF LIABILITY — COMMENCEMENT OF ACTION—
WAIVER.—In action on a policy of fire insurance, where insured gave
due notice and proper proofs of loss, and an attempted adjustment
failed, and that an attempted arbitration was had, and because of
the partiality of the representative of the insurer and the umpire the
plaintiff refused to accept the award, and the insurer refused to con-
sider any further proposition and gave notice that it would settle
only upon an acceptance of the award, the insurer's denial of a par-
tial liability was a waiver of the provision against suit within 60 days
of the award.

2. INSURANCE—FIRE INSURANCE—ARBITRATION—PARTIALITY—INVALIDITY.
—The partiality of the appraiser or arbitrator selected by an insurer
invalidated the award, and was a defense against it and its accept-
ance.

3. EQUITY—JURISDICTION—LAW OR EQUITY—FRAUD.—Fraud is not a
matter of exclusive equitable cognizance, but Courts of law have
jurisdiction to try issues of fraud, and, where the issue arises in legal
actions, such as actions for the recovery of money only, and the
remedy is also legal and adequate, the jurisdiction is concurrent, and
the practice is to submit the issue of fraud to the jury.

4. ARBITRATION AND AWARD—DUTIES OF ARBITRATORS.—An arbitrator is
bound to exercise judicial impartiality, uninfluenced in favor of the
side appointing him, as he is not an agent, representative, or advo-
cate of the party by whom he has been selected.

5. PLEADING — ANSWER — REPLY — STATUTE. — In an action to recover
the amount due on a fire policy, where the complaint ignored an
award as a nullity, and where the defendant's answer set up the
award in bar of the action, the plaintiff was not required to reply to
such answer, since under Code Civ. Proc. 1912, sec. 203, a reply is
unnecessary, except when a counterclaim is set up in the answer, or
when it is required by special order of Court under the last para-
graph of section 203.

6. ACTION—ACTION ON POLICY—DEFENSE—AWARD—JURISDICTION.—In a
suit to recover the amount due on a policy of fire insurance, where
the answer pleaded an award in bar, and the reply set up partiality
on the part of the insurer's arbitrator and misconduct on the part of
an agent of the insurer and the arbitrators, the insurer was not
entitled to have the cause transferred for trial of the issue in equity.

Before MAULDIN, J., Dillon, October, 1915. Affirmed.

Action by Frances Fass joining E. Randolph Williams and another, as trustees of the Atlantic Life Insurance Company, as parties plaintiff, against the Liverpool, London & Globe Fire Insurance Company, consolidated with suits by the same plaintiffs against the North Carolina Home Insurance Company and the Insurance Company of North America. Motion by defendant that the entire cause be stricken from calendar 1 and placed on calendar No. 2 for determination by the Court without a jury, or, failing that, for an order transferring the issue raised by the answer and reply to calendar No. 2, and if neither of such motions be granted, then that the cause be transferred to calendar No. 2 and be referred to the master to take testimony and report it to the Court, overruled, and motion that action be dismissed on ground that pleading stated no cause of action overruled, and defendants except and appeal.

Respondents state their cause as follows:

"The above entitled suits were begun on the 5th day of February, 1915, and sought to recover of the three defendants, the Liverpool, London & Globe Fire Insurance Company, the North Carolina Home Insurance Company, and the Insurance Company of North America, the sum of $6,500. The plaintiff, Frances Fass, was the owner of a store building on Main street, in the town of Dillon, which was insured in the three companies as follows: $2,500 in the Liverpool, London & Globe, $2,000 in the North Carolina Home, and $2,000 in the Insurance Company of North America. The plaintiffs, E. Randolph Williams and J. B. Gibson, as trustees, were made parties to the action, for the reason that a mortgage debt had been made against the premises and the loss clause of the policies was made payable to them. On the 31st day of December, 1914, the plaintiffs' building was destroyed by fire. All three of the policies were in full force and effect at the time, and plaintiff claimed reimbursement for her loss from the said companies. The

complaint alleges that due notice of the loss was given, and proper proofs of loss were prepared, and defendants sent their adjuster to make an adjustment of said loss. That the plaintiff, Frances Fass, fully complied with all the terms of said contracts of insurance and was entitled to be paid her loss under said contracts. In due time an adjustment was attempted to be made between the parties themselves; but, they failing to agree, an attempted arbitration was had in pursuance of the arbitration provision contained in the insurance policies. Each party appointed a representative, and the two so appointed chose an umpire and attempted to make an award, but because of the alleged partiality of the representatives of the defendants and of the umpire, plaintiff refused to abide by the finding of the representative of the defendants and the umpire; plaintiffs' representative having refused to sign the award. After the attempted arbitration the defendants refused to consider any further propositions, and notified plaintiffs that they would only settle upon an acceptance of the award as made, and that no further attempts towards a settlement otherwise would be considered. Thereupon these suits were instituted. An answer was filed to plaintiffs' complaint, setting up as a plea in abatement the fact that the suit had been brought within 60 days of the loss and of the award; that plaintiff had failed to file proper proofs of loss and hence prayed judgment dismissing the suit. Upon motion duly made plaintiffs filed a reply, setting up the refusal to pay the insurance or to negotiate further in connection therewith, and alleged fraud, partiality, and misconduct on the part of the umpire and defendants' representative in the arbitration, and alleged a waiver of the stipulated period of 60 days and of the filing of formal proofs of loss, and that the attempted award, by reason of the alleged fraud, partiality, etc., was a nullity, and prayed for judgment as is asked in their complaint. The cause came on for trial before his Honor, Judge T. J. Mauldin, and a jury, at the October, 1915, term of Court of

Common Pleas for Dillon county. And upon the call of said cause defendants made a motion: (1) That the entire cause be stricken from calendar 1 and placed on calendar No. 2 for determination by the Court without a jury; (2) that, failing in that, an order be made, transferring the issue raised by defendants' answer and plaintiffs' reply to calendar No. 2, and, further, that if neither of said motions should be granted, then said cause be transferred to calendar No. 2 and be referred to the master to take testimony and report it to the Court. These motions were overruled. Defendants then moved that the action be dismissed, on the ground that the pleadings as they appeared stated no cause of action, for the reason alleged to be set out in defendants' exceptions. This motion was likewise overruled."

*Messrs. Sellers & Moore* and *Smith, Hammond & Smith,* for appellants, submit: *The issues raised by defendant's answer should be tried by the Court:* 2 Pom. Eq. Juris. (3d ed.), sec. 919; 77 Pac. 123; 68 Fed. 173; 70 Fed. 429; 70 S. C. 547; 58 S. C. 332; 38 S. C. 212; 44 S. C. 118; 52 S. C. 461. *Fraud:* 20 Cyc. 8; 9 Cyc. 965; 96 S. C. 242; 65 S. C. 184.

*Messrs. Gibson & Muller,* for respondents, submit: *The issues may be tried by jury:* 66 S. C. 79; 38 S. C. 199; 70 S. C. 285; 75 S. C. 318; 90 S. C. 321. *Exceptions defective:* 56 S. C. 7; 43 S. C. 381; 28 S. C. 249. *Waiver:* 22 Am. St. Rep. 378; 27 Am. St. Rep. 709; 52 L. R. A. 667; 19 Cyc. 903; 37 S. C. 56; 42 S. C. 14; 78 S. C. 445. *Award:* 62 S. C. 125; 13 S. C. 496; 45 Am. St. Rep. 105; 87 Am. St. Rep. 379; 137 N. Y. 140; 19 Cyc. 879

September 14, 1916.

The leading opinion, after reciting the foregoing, was delivered by MR. JUSTICE FRASER.

There are seven exceptions, but appellant reduces his questions to three.

1. "Are the defendants entitled to have the cause transferred to calendar 2 for trial of the equitable issues on said calendar?" This question, I think, should be answered in the affirmative. The rule is well stated in Corpus Juris, vol. V, p. 192, *et seq.:*

"In an action on an award defendant may, of course, avail himself of any defense apparent on the face of the award at common law. Matters extrinsic of the award, such as fraud, mistake, or partiality in the arbitration, cannot be set up in defense to an action on the award. Defendant's redress in such cases is a resort to a Court of equity."

Of course, under the present practice, the result would be to transfer to calendar 2 for trial.

If the reply had pleaded fraud, then, of course, under the well settled rule in this State, the plaintiff could have relied upon the petition that the award was a nullity, and proved fraud without pleading it. But the reply did not set up fraud. It set up partiality on the part of the arbitrator and misconduct on the part of an agent of the defendant and the arbitrators. The difference between fraud and partiality is very apparent. When an award by arbitration is pleaded in the answer, the defendant knows that he has pleaded a complete defense, but that the award may be attacked for fraud. The defendant is held to know what he has done, and is held to be prepared to meet that attack. Here the attack is in part upon the conduct of the appraisers. A man may be held to be prepared to defend his own conduct, but not the conduct of another. In this particular case it is alleged that the agent knew of and participated in the conduct complained of, but we are stating general rules, and we have stated it correctly. The plaintiff set up a purely legal cause of action. The defendant set up a bar at law. To that point there was only a question of law; when the plaintiff replied, the issue was changed. The reply practically

changed the action into an action to set aside an award of arbitrators for partiality and misconduct. The only issue was an equitable issue to be tried in chancery. There may be both legal and equitable issues in a case. Sometimes an issue is common to both. A purely legal issue, however, must be tried on the law side of the Court and a purely equitable issue in equity. Sometimes the settlement of one issue eliminates the other. For instance, a plaintiff brings an action for partition. That is an equitable action. The defendant sets up title in himself to the whole land. That raises a legal issue. It is manifest that the first issue to be determined is the legal issue of defendant's title to the whole land. If the plaintiff prevails, the case then goes to the equity side of the Court for partition. If the defendant prevails, that ends the case; for there is nothing to partition. In the case at bar, the question is, shall this award be set aside for partiality and misconduct? and that issue is in equity. In Adams' Equity, secs. 192, 193, we find:

"In order to resist the enforcement of the award, it is necessary that its validity be impeached. * * * If these objections (fraud, partiality, uncertainty, failure to decide completely, etc.) appear on the face of the award, they invalidate it and preclude its enforcement at law; and, if there be actual fraud, it may be pleaded (in this State proven without pleading) in avoidance at law. If there be a mere miscarriage, not apparent on the face of the award, it cannot be pleaded in avoidance at law, but must be made available by an independent application to set aside the award. And where the submission rests on mere agreement, and not a rule of any Court, the jurisdiction for this purpose is exclusively in equity. If the submission is by rule at *nisi prius,* the jurisdiction is concurrent in law and equity."

The submission was under the policy of insurance, *i. e.,* "mere agreement." The jurisdiction was, therefore, according to Adams, exclusively in equity. Adams is high authority, and doubtless states the old rule. The old rule is modi-

24—S. C. 105.

fied in this State as to fraud, but this is not fraud, but partiality and misconduct.

It is true that this is not an arbitration under the statute, and the statute is not binding, but certainly no great harm can be done by conforming the practice as near as may be to the statute. In statutory arbitration, there is an appeal to the Circuit Judge, who tries the appeal "without the intervention of a jury." The appeal in statutory arbitration is, in effect, a proceeding to set aside the award, and the mode of trial in the Circuit Court is the mode of trial in the Court of equity, *i. e.,* without the intervention of a jury.

2. Does plaintiff's reply to defendant's plea in abatement state facts sufficient to constitute a defense to said plea; that is, do the facts alleged constitute a waiver of the provisions of the policy involved? In discusssion of this question, appellant explains that it refers to the agreement not to commence suit within 60 days of the award. With this explanation, this question must also be answered in the affirmative. Appellant admits that a denial of any liability is a waiver of the 60 days, and no good reason has been shown (we know none) why a denial of partial liability should not have the same effect.

3. Does the reply of plaintiff to defendant's defense, setting up the award, allege facts which, if proven, would invalidate the award? Again the answer is in the affirmative:

"That two appraisers were appointed, who were selected one by the plaintiffs and the other by defendant, for the purpose of making an appraisal as provided in said contract, and which two appraisers so appointed subsequently selected an umpire, but plaintiffs deny that their finding was binding upon them, for the reason that the representative of the defendant was not a distinterested party, as provided in said contract, and acted entirely under the control and domination of the adjuster sent by the defendant to settle the loss, and even while the said arbitrators, to wit, the representa-

tive of plaintiffs and the representative of defendant, were attempting to adjust the loss, they were approached by the adjuster of the said defendant and informed that if they agreed to more than a specified amount, the same would not be paid."

It needs no citation of authority to show that the partiality of the appraiser is a good defense against the appraisement.

It is the opinion of the majority of the Court that the judgment should be affirmed; and it is so ordered.

MR. JUSTICE HYDRICK, *concurring and dissenting.* I concur in the answers given by MR. JUSTICE FRASER to the second and third questions made by the appeal, but dissent from that given to the first question, because it is a departure from the practice of long standing in this State, and one which is founded upon good reason, and has received the sanction of this Court in numerous decisions. A practice so convenient and well settled ought not to be disturbed without cogent reason; and, when it is done, the bar ought to be distinctly informed that the previous decisions of the Court, approving that practice, are no longer of force.

Fraud is not a matter of exclusive equitable cognizance. Courts of law have jurisdiction to try issues of fraud, and have exercised it for a long time. Where it arises in legal actions, such as actions for the recovery of money only or specific real or personal property, and the remedy is also legal and adequate, the recovery of money or property, the jurisdiction is concurrent; and, in such cases, it has been the uniform practice in this State to submit the issue of fraud to the jury. In fact, it has been frequently held, in such cases, that the parties have the right to that mode of trial. Where conduct and motives are questioned, a jury is most apt to correctly interpret them.

In *Price* v. *Railroad Co.,* 38 S. C. 199, 17 S. E. 732, defendant set up a release which plaintiff was allowed to

attack on the ground that it was obtained.from her intestate by fraud and undue influence, and the issue was tried by the jury, and that mode of trial was approved by this Court, which, in disposing of the same contention that is made in this case, said:

"There certainly are certain issues which may be tried on either side of the Court, and among them is fraud in all its forms, and, as I suppose, also, want of mental capacity, duress, undue influence, etc., to such extent as to make an instrument absolutely void.   In the case from 4 Hun. (N. Y.) 50 (*Dambman* v. *Schulting*), after full consideration, it was held 'that fraud invalidates all instruments, however solemn; and the effect of a release pleaded in an answer to an action prosecuted for the debt (damages) may be avoided by proof that it was fraudulently procured.'   See *McCord* v. *McCord,* 3 S. C. 577, where, in a law case, a deed set up by defendant was shown to be fraudulent and void."

It has been the common practice with us, where a debtor disposes of property in fraud of his creditor, for the creditor to obtain judgment against him, and have the property so conveyed levied upon and sold under execution, as the property of the debtor.   The purchaser at sheriff's sale then brings his action at law against the fraudulent grantee to recover possession of the property upon the allegation that he (the purchaser) is the owner of the legal title, making no reference in his pleading to the fraudulent deed; and, when the grantee proves his deed in defense of his title, the purchaser attacks it on the ground of fraud, and the issue is tried by the jury.   *Smith* v. *Henry,* 18 S. C. L. (2 Bailey) 118; *McCord* v. *McCord,* 3 S. C. 577; *Archer* v. *Long,* 32 S. C. 171, 11 S. E. 86.   Numerous other cases might be cited.

In *McCreery Co.* v. *Myers,* 70 S. C. 282, 49 S. E. 848, the Court said:

"In an action to recover land, the deed under which plaintiff claims may be assailed for fraud by way of defense before the jury. *De Walt* v. *Kinard,* 19 S. C. 292; *Archer* v. *Long,* 38 S. C. 272, 16 S. E. 998. Questions of fraud or mistake may sometimes be adjudicated in actions at law, as in these matters the jurisdiction of equity is not exclusive, but concurrent. *Griffin* v. *Railway Co.,* 66 S. C. 77, 44 S. E. 562."

In *Griffin* v. *Ry., supra,* the principle decided in *Price* v. *Railroad Co.* was reaffirmed. As to the pleadings, the Griffin case is on all fours with this case. Defendant set up in its answer, in bar of plaintiff's action for damages for person injury, a release that plaintiff had executed and delivered to it. Plaintiff replied, alleging that the release was obtained by fraud. Defendant demanded trial of the issue of fraud on the equity side of the Court, which was refused, and it was submitted to the jury. In response to defendant's first exception, which raised its right to the mode of trial demanded, this Court said:

"We think that the reply to that part of the answer setting up the release, admitting that it was signed, but denying any consideration therefor, and alleging that it was procured by fraud and that notice had been served by the plaintiff before suit was brought, did not warrant the Court to grant defendant's motion. The reply raised an issue, or issues, which would have been much more satisfactorily passed upon by a jury."

Mr. Justice Gary concurred in a separate opinion, giving more elaborate reasons why the ruling of the Court below should be sustained. The same principle was applied in *Burnett* v. *Tel. Co.,* 71 S. C. 146, 50 S. E. 780; *Mason* v. *Tel. Co.,* 71 S. C. 150, 50 S. E. 781, and *Treadway* v. *Mills Co.,* 84 S. C. 41, 65 S. E. 934.

Nor do I concur in the attempt to distinguish between fraud and partiality in arbitrators, because partiality is a fraud upon the rights of the injured party.   Each party to an arbitration contracts for and is entitled to a fair and impartial decision—one that is not influenced by any improper motive or consideration.   Hence, though severally mentioned as good grounds for setting aside an award, fraud and partiality differ more in degree than in nature.   If partiality be corrupt, who will say that it is not fraudulent?   If the arbitrator be conscious of it, and consciously allows it to sway his judgment, it is corrupt.   The kind of partiality that is not corrupt fades imperceptibly into that which is.   There is often no sharp line of demarcation.   The distinction is in name and degree. The effect upon the rights of the party injured by it is the same.

In this connection, it may not be out of place to say that arbitrators often regard themselves as agents, representatives, or advocates of the party by whom they are selected— a notion that is radically wrong.   An arbitrator who has a correct conception of the solemnity and dignity of the office and of his duties therein will exercise judicial impartiality, and will not be influenced in the slightest degree in favor of the side appointing him by reason of the fact that he was appointed by that side, or, indeed, by any other improper motive or consideration; but, realizing that, for the time being he is a judge between the parties, he will act as becomes a just and righteous judge.

Plaintiff's cause of action is one at law for the recovery of money only.   By the form of her complaint, she evidently intended to follow the settled practice, ignoring the award as a nullity.   When defendant set it up in bar of her action, she need not have replied to the answer, since a reply is unnecessary, except when a counterclaim is set up in the answer, or when it is required by special order of Court under the last paragraph of section

203 of the Code of Civil Procedure. *Lancaster* v. *Lee,* 71
S. C. 280, 51 S. E. 139. In the case last cited, the Court
said:

"The plaintiffs, in reply to defendants' answer, did stoutly
allege that the deed was never duly executed and delivered,
such reply was wholly unnecessary, as the Code does not
and was fraudulent, null, and void. As matter of pleading,
such reply was wholly unnecessary, as the Code does not
require any reply to (an) answer not setting up a counter-
claim, and it is always permissible to plaintiff to show in
evidence without pleading that a deed relied on by defendant
is void for fraud. *Amaker* v. *New,* 33 S. C. 28, 11 S. E.
386 (8 L. R. A. 687)."

For the reasons stated, I think the ruling of the Court
below should be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
and GAGE, concur in the opinion announced by MR. JUSTICE
HYDRICK.