## 10358

### MILITARY ART NOVELTY COMPANY v. FAYONSKY.
#### (101 S. E. 818.)

1. EQUITY—LAW AND EQUITY HAVE CONCURRENT JURISDICTION OF CASES ARISING OUT OF MISTAKE.—The Courts of law and equity have concurrent jurisdiction of cases arising out of fraud and mistake, and the test whether the Court in the exercise of its common law powers is authorized to entertain jurisdiction in such cases depends upon the question whether it can administer adequate relief in a particular case.

2. REFORMATION OF INSTRUMENTS—LAW COURT HAD JURISDICTION IN CASE ARISING OUT OF MISTAKE AND FRAUD.—In an action at law for price of goods alleged to have been purchased, Court had jurisdiction and could administer adequate relief, where defendant admitted ordering the goods, but asked that the contract be reformed, in that the goods were not to be delivered until ordered out by the defendant, and that defendant had the right at any time to countermand and that the omission of the contract to so state was due to error and fraudulent conduct on the part of plaintiff's agent and the mistake of defendant.

Before MAULDIN, J., Greenville, Summer term, 1919. Affirmed.

Action by the Military Art Novelty Company against L. Fayonsky. Judgment for plaintiff, and defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, submit: *That the defendant having set up in his answer the equitable defense of reformation of the contract, was entitled to the opinion of the Court upon the issues of fact and law, and the presiding Judge not having passed upon the question of fact raised by this defense or rendered any judgment or opinion of his own thereon, but, on the contrary, simply left it to the jury, it was error to enter judgment upon said verdict:* 16 S. C. 331; 12 S. C. 108; 9 S. C. 147; 11 S. C. 447; 21 S. C. 392; 52 S. C. 461; 54 S. C. 155; 79 S. C. 473; 105 S. C. 375; 109 S. C. 358.

*Messrs. Blythe & Martin,* for respondent, submit: *The Judge approved the jury's findings of fact and made them*

*his own:* 71 S. C. 280, 286; 70 S. C. 217; 49 S. E. 477; 70 S. C. 219.    *Verdict should have been directed for plaintiff:* 77 S. C. 187, 191.

January 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action upon an account for goods sold and delivered by the plaintiff to the defendant, amounting to $454.76.    A statement of the account attached to the complaint, shows an item for $215.41, dated November 4, 1918; another item, dated November 8, 1918, for $139.10; and a third item, dated November 12, 1918, for $100.25.

The defendant's answer is as follows:

1. "The defendant admits that on or about the first of November, 1918, he gave to the plaintiff three separate orders for goods, amounting severally to $215.41, $139.10 and $100.25, with the distinct understanding and agreement between the plaintiff and the defendant that the goods should not be shipped out by the plaintiff until the defendant gave him orders to do so; that on or about November 4, 1918, the plaintiff shipped to the defendant the goods covered by the first order, amounting to $215.21, which the defendant received, opened up and mingled with his stock, and for which he mailed to the plaintiff his check for said amount; that he did not order the goods covered by the plaintiff's orders Nos. 3673 and 3346, but without direction of the defendant the plaintiff sent the same by express to the defendant; that so soon as the goods were received the defendant expressed them back to the plaintiff and countermanded his order therefor.

2. "That by the express terms of agreement between the parties the orders referred to were subject to countermand by the defendant, and were not to be shipped without his further order; that if the written orders do not express these conditions, the omission was due to the error and fraudulent

conduct on the part of the plaintiff's representative and the mistake of the defendant; he, therefore, prays that said orders be reformed so as to express the agreement between the parties.

3. "That the defendant is and has at all times been ready to pay the plaintiff for the first order referred to, $215.41, and hereby tenders same to the plaintiff and consents for it to take judgment against him for said amount with costs to date."

After his Honor, the presiding Judge, had charged the jury the record shows that the following took place between him and one of defendant's attorneys:

"Mr. Dean: In response to the last request handed up by Mr. Blythe, my associate has submitted this to me which I want to submit to your Honor as a request to charge: 'It is not entirely a question of fraud. If the contract by oversight, error or mistake, does not express the contract that was made, the defendant is entitled to a reformation.' The Court: I charge you that, gentlemen, if you find that from the evidence in the case. You have heard counsel read the request to charge as a proposition of law, and I charge you that it is a correct proposition of law. Mr. Dean: Now, your Honor, also go a step further and instruct the jury that if they do find under the evidence here that it was to be shipped on the order of the defendant that the plaintiff is entitled to a verdict of only $215.41. The Court: I charge you that. Now, gentlemen, is there anything further? Mr. Dean: No, sir."

The case being on calendar No. 1, was tried by a jury, which rendered a verdict in favor of the plaintiff for $450.76, the amount claimed, upon which judgment was duly entered.

The defendant appealed upon the following exceptions:

"The defendant having set up in his answer the equitable defense of reformation of the contract, was entitled to the opinion of the Court upon the issues of fact and law, and the

judgment to be rendered must have been the result of a conclusion of the Judge as well on the facts as on the law; it was error to leave this defense wholly to the jury and to accept their verdict as final and conclusive; the presiding Judge not having passed upon the question of fact raised by this defense or rendered any judgment or opinion of his own thereon, but, on the contrary, simply left it to the jury, and the judgment was entered upon their verdict.    It was error, therefore, to enter judgment upon said verdict."

"Accident and mistake certainly constitute one branch of equity jurisprudence; but it is not peculiar, except when a discovery is indispensable, or the nature of the relief such as to require the extraordinary aid of chancery.    Actions at law to recover back money paid by mistake, constitute in all the books of practice, a conspicuous class of causes, for which the action of *assumpsit* may be maintained at law; and there is no question that in general, when the facts can be proved, according to the rules of the common law, and the remedy is such as a Court of law can administer, consistently with the prescribed modes of proceeding, mistakes may be inquired into, in a Court of law.    In the case under consideration, the plaintiff sued out a *sci. fa.* to revive a judgment against the defendant, and as evidence of payment. the defendant produces an execution, on which is endorsed the word 'satisfied;' the plaintiff replies it was so endorsed by *mistake.*    There is nothing magical in the term itself. The evidence offered was admissible, according to the rules of the common law, the relief was such as a Court of common law was competent to give, and the Court, therefore, clearly had jurisdiction."    *Moore v. Edwards,* 1 Bail. 23.

This language is quoted with approval in the following cases: *Griffin v. Ry.,* 66 S. C. 77, 44 S. E. 562; *Hodges v. Kohn,* 67 S. C. 69, 45 S. E. 102; *Harris v. Harris,* 104 S. C. 33, 88 S. E. 276.

The Courts of law and equity have concurrent jurisdiction of cases arising out of mistake: and the test whether the

Court, in the exercise of its common law powers, is authorized to entertain jurisdiction in such cases, depends upon the question whether it can administer adequate relief in the particular case. *Smith v. Ins. Co.,* vol. 99 S. E. R. 830.

These principles are likewise applicable to cases involving fraud. *Fass v. Fire Ins. Co.,* 105 S. C. 364, 89 S. E. 830.

These authorities clearly show that the Court, in the exercise of its common law powers, could administer adequate relief to both parties to the action, and, therefore, properly entertained jurisdiction of the entire case.

Affirmed.