### KNIGHT v. BENNETT

#### (121 S. E., 671)

1. Appeal and Error—Ruling Excluding Evidence Later Admitted Held Not Error.—A ruling excluding evidence which the record shows was later admitted, *held* not error.

2. Appeal and Error—Ruling That Question of Plaintiff's Indebtedness to Defendant Was Not Involved Held Not Error in View of Charge.—In claim and delivery for mules against a chattel mortgagee who had taken possession an assignment of error that the trial Judge erred in deciding that the question of plaintiff's indebtedness to defendant was not involved, *held* without merit, in view of an instruction that, if defendant had a valid mortgage which was due and unpaid, he had the right to take the mules.

3. Chattel Mortgages—Could be Attacked for Fraud and Deceit Without Suing to Reform or Set Aside.—In claim and delivery for mules against a chattel mortgage, the mortgagor could attack the mortgage for deceit and fraud in its execution without suing to reform or set it aside as void in equity; the question being whether the mules were included in the mortgage.

4. Appeal and Error—Defendant Held Not Prejudiced by Charge Where Jury Found Only Actual Damages.—In claim and delivery for mules, where the jury found only actual damages, defendant was not prejudiced by a charge that, if the mortgaged. property was taken out of an inclosure by opening gates or doors, the defendant would be liable for damages, even though he was the owner of the property by reason of a breached chattel mortgage.

Before Memminger, J., Orangeburg, October, 1922. Affirmed.

Action by Bell L. Knight against A. B. Bennett. From a judgment for plaintiff and from an order overruling motion for new trial, defendant appeals.

Defendants' exceptions 5, 6, 7 and 8 follow:

· (5) Because his Honor erred in deciding that in this case the question of indebtedness of the plaintiff to the defendant was not an issue.

(6) Because his Honor erred in submitting to the jury the question of deceit and fraud in the execution of the chattel mortgage; the mortgage was in writing, and the plaintiff admitted signing it, but testified that it was fraudulent in that certain property was described therein without his authority. In such a case it is submitted that the only remedy is to reform or set aside as void the instrument in equity, and that the question of fraud and deceit could not be submitted to the jury.

(7) Because his Honor erred in charging the jury that, if the mortgaged property was taken out of an inclosure by opening gates or doors, the defendant would be liable for damages even though he was owner of the property by reason of a breached chattel mortgage.

(8) Because his Honor erred in refusing to grant a new trial upon motion of defendant because (a) there was a breached chattel mortgage held by defendant; (b) the undisputed testimony showed that there was something due defendant by the plaintiff upon the mortgage; (c) the plaintiff admitted the execution of the mortgage; (d) the Court could not submit the equitable question of fraud and deceit in the execution of the mortgage to the jury; and (e) the defendant had a right to take the mortgaged property into his possession after breach of the chattel mortgage even though such property was in an inclosure and it was necessary to open gates and doors to obtain possession; so that there was no testimony to support the verdict, which was against the undisputed evidence.

*Messrs. A. H. Moss* and *Wolfe & Berry,* for appellant, cite: *Chattel mortgage may be set up as a defense under general denial:* 118 S. C., 142. *Where pleadings raise only legal issues it is error to submit equitable issue of title:* 105 S. C., 382; 79 S. C., 473. *Proper course is for Judge to pass upon equitable issues and jury upon legal issues:* 105 S. C., 383; 79 S. C., 476; 16 S. C., 331; 12 S. C., 97; 11 S. C.,

447; 9 S. C., 147. *Right of holder of breached chattel mortgage to take possession:* 82 S. C., 501.

*Messrs. Brantley & Zeigler* and *Ed C. Mann,* for respondent, cite: *Issue of fraud properly submitted to jury:* 58 S. C., 370; 33 S. C., 28; 50 S. C., 273; 71 S. C., 280; 105 S. C., 364. *Erroneous charge harmless error where jury found verdict which was not effected by it:* 14 R. C. L., 815; 41 S. C., 177; 23 A. S. R., 316; 136 A. S. R., 611; 161 U. S., 29; Ann. Cas. 1917-E, 410.

March 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant states the case thus:

"The respondent, Knight, gave the appellant, Bennett, a chattel mortgage upon five mules prior to the commencement of this action. This mortgage being in default, the appellant took possession of the five mules. Discovering that two of the mules were covered by a prior mortgage, the appellant released these, and retained possession of the other three. Then the respondent brought this action, in form a claim and delivery, for the possession of these three mules, or the value thereof with damages. The appellant for answer filed a general denial, and the case came on to be heard before Judge Memminger with a jury. After hearing the testimony, the argument, and a charge from the Court the jury rendered a verdict in favor of the plaintiff-respondent for the three mules, or for $400.00, the value thereof. A motion for a new trial was made and refused; and the defendant-appellant now brings the case to this Court for review."

Appellant has eight exceptions.

The first three exceptions complain that his Honor erroneously ruled that the breached chattel mortgage could not be offered in evidence because the answer

contained only a general denial, whereas, such mortgage should have been set up by an affirmative plea. The record shows that as a matter of fact this mortgage was finally admitted in evidence by his Honor, and the issue of the ownership of mules by Bennett under the mortgage was submitted to the jury.

The fourth exception is overruled. At one time his Honor did indicate that he would not submit the question of ownership of the mules to the jury, because, under the pleadings, he did not think this was an issue in the case, but later he changed his opinion, and in his charge squarely submitted to the jury the question of ownership of the mules. Exception 5 is overruled, because the Judge in his charge told the jury that, if Bennett had a valid mortgage which was overdue and unpaid, Bennett had the right to take the mules.

The sixth exception is overruled. It is not a question of reformation of a deed, but the question was whether the mules were included in the mortgage. The defendant put in evidence the mortgage to show he was the owner of the mules. In reply the plaintiff attacked the mortgage on the ground of fraud which would leave the ownership in the plaintiff if the jury believed there was fraud. This procedure is well established under the decisions of this Court. The later cases are *Fass v. Insurance Co.,* 105 S. C., 364; 89 S. E., 1040. *Military Art & Novelty Co. v. Fayonsky,* 113 S. C., 473; 101 S. E., 818.

Exception 7 is overruled, as the jury found only actual damages, and appellant was not prejudiced by the charge of his Honor as complained of.

Exception 8 is overruled, for the reason that his Honor committed no error.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Fraser, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.